| 17 | 361 |
| 65 | 222 |

| 17 | 361 |
| d86 | 279 |

## MEADOWS VS. ROGERS.

It is within the power of the Circuit Court, in the exercise of a sound discretion, to disallow to the plaintiff any costs which he has caused unreasonably and unnecessarily to be accumulated, and the judgment of the court below, in the exercise of such discretion, should not be overruled by this court, except in cases of manifest error and abuse of power.

It is the duty of the clerk of the Circuit Court, to embrace in one subpoena all the witnesses directed by one party to be summoned. But this rule is not absolutely mandatory—as where the party, after ordering a subpoena for witnesses, ascertains that it is necessary for him to have others summoned.

### Appeal from the Clark Circuit Court.

Hon. THOMAS HUBBARD, Circuit Judge.

FLANNAGIN, for appellant.

CUMMINS, for appellee.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Meadows brought an action of trespass against Rogers in the Clark Circuit Court; and, upon a trial of the cause, obtained verdict and judgment for $15 damages, and for costs. The grounds of the action were, that a flock of the plaintiff's hogs invaded the defendant's corn field, and he chased them with his dogs and killed one of them.

The plaintiff subpoenaed ten witnesses, nine of whom were present, and examined. The defendant filed an affidavit, alleging that most of them were summoned to accumulate costs, vex and harrass him, &c., praying the court to allow the plaintiff the costs of but one or two witnesses to each fact, &c. The plaintiff filed a

24o

response, verified by his affidavit, stating what he had each witness subpoenaed to prove, &c.

It was admitted, upon the hearing of the motion, that the plaintiff ordered subpoenas at the same time for six witnesses, for whom three subpoenas were issued. That the clerk was not directed to issue one or three subpoenas, but that he put the names of the six in three subpoenas, for the reason that the blanks in the printed subpoenas were not large enough to insert more than two names in each. That the subpoenas for the four other witnesses were ordered separately at different times.

The court ordered the clerk to tax in favor of the plaintiff the costs of one subpoena with circular mileage and service, for summoning five of the witnesses, subpoenaed and sworn on the part of the paintiff, and their claim for attendance, and to disallow all costs for other subpoenas sued out by the plaintiff, &c.

The plaintiff excepted, took a bill of exceptions, setting out the testimony given by each witness upon the trial, the facts proven on the hearing of the motion, &c., and appealed to this court. The defendant examined but one witness.

1. Under our statute, the plaintiff in an action of trespass, or other action, recovering judgment is entitled to costs, unless the damages recovered fall below the jurisdiction of the court, &c. *Digest*, *chap.* 40, *sec.* 12, 20.

But this means the reasonable, proper and necessary costs incurred in the prosecution of the cause. It was not the intention of the act, that the defendant should be taxed with unnecessary and vexatious costs. *Ib.*, *section* 30. It is, beyond doubt, within the power of the court, in the exercise of a sound discretion, to disallow to the plaintiff any costs, which he has caused unreasonably and unnecessarily to be accumulated, and the judgment of the court below, in the exercise of such discretion, should not be overruled by this court, except in cases of manifest error and abuse of the power.

The judge, who presided in the trial of this cause, heard all the witnesses examined, saw the manner and extent of the examina-

tion of each, understood what they severally proved, and was fully advised of the character of the whole case, was more competent to give proper directions about the taxing of the costs than we can possibly be.

2. The *1st section, chapter* 171, *Digest*, directs that a "subpoena shall contain the names of all witnesses for whom a subpoena is required by the same party in the same cause, who reside in one county."

The fact that the blanks in the clerk's printed forms were not large enough to contain more than two names, was no valid excuse for the failure to insert the names of all six of the witnesses applied for at the same time by plaintiff, in one subpoena, as directed by law. It was the duty of the clerk to write the process or procure printed forms with larger blanks. If the clerk, and not the plaintiff, was at fault in this instance, it is a matter between them, but the defendant is not to be taxed with unnecessary costs on account of their failure to follow the law, without any sufficient excuse.

Nor was the showing, that plaintiff ordered the subpoenas for the four remaining witnesses at different times, sufficient excuse for issuing a separate subpoena for each. There may have been no necessity or good reason, for ought that appears in the bill of exceptions, for ordering the subpoenas at different times.

We would not hold that this statute is absolutely mandatory, and to be followed under all circumstances.

It might often happen, that a party, after ordering a subpoena for witnesses, might ascertain that it was necessary for him to have others summoned whose materiality was not known to him before. In such case, the court would hardly refuse to allow him the costs of the additional subpoenas.

We find in the transcript before us, no evidence of such error or abuse of discretion on the part of the court below, as to warrant us in reversing its direction in reference to the taxing of the costs in this case. Affirmed.

Mr. Justice Scott, absent.