MEMPHIS & LITTLE ROCK R. R. (AS RE-ORGANIZED) V. JONES.

NEGLIGENCE: *Railroads killing stock.*
> In actions against a railroad for killing stock, the statute puts the *onus* upon the defendant to show due care, affirmatively.

APPEAL from *Monroe* Circuit Court.
Hon. J. N. CYPERT, Circuit Judge.

*B. C. Brown,* for appellant:

Contended that the verdict of a jury should be here weighed on the evidence, in all cases where the testimony was altogether documentary and by depositions. There is, in such case, no *reason* for giving the verdict the benefit of any presumptions in its favor, or for making it conclusive where supported by any evidence.

The company only liable for want of reasonable care and negligence when doing a lawful act. *Whart. on Neg.,* secs. 893-4-5-6; *Shear. & Red. on Neg.,* sec. 485 a; 58 *Mo.,* 386; 62 *Mo.,* 562; 63 *Ill.,* 229.

Testimony reviewed.

*S. P. Hughes,* for appellee:

Failure to whistle evidence of negligence. 6 *Jones' N. C. Law,* 231.

Presumption is, if appellant's witnesses had been produced personally, it would have been worse. 32 *Ark.,* 337.

STATEMENT.

EAKIN, J. The appellee sued the company to recover damages for killing a mule, stating that about the third of

February, 1878, the mule got upon the track, and was run over and killed by a train of defendant's cars, through the negligence and carelessness of defendant's agents. It is further alleged that defendant failed to post the killing, etc., as required by law, but, as there is no question on that, it need not be noticed. The value of the mule is alleged at $125.

The answer, in several paragraphs, made several defenses, unnecessary to be noticed. The issue really tried and relied upon on both sides, concerned negligence and want of due care on the part of the employees of the railroad.

The evidence was conflicting. The jury gave a verdict for the value of the mule, and the defendant moved for a new trial, on the grounds that the verdict was contrary to the law and the evidence; and because the court had erred in refusing an instruction asked by the defendant. The motion being overruled, defendant appealed.

The instruction refused, was to the effect that, if the plaintiff, in any manner, contributed to the negligence which resulted in the injury, the jury should find for the defendant. This instruction was not pertinent to the evidence, and was properly refused. The plaintiff was not present, and had no agency whatever in letting his mule get upon the track; nor did he, in any manner, contribute to the accident.

The jury was instructed that negligence must be shown in order to hold the defendant liable. Indeed, the instructions were, on the whole, too favorable to defendant. The *onus* was on it to show due care, affirmatively, under our statute, as held in *L. R. & F. S. R. R. Co. v. Payne, 33 Ark., 816.*

There are no grounds to disturb the verdict.

Affirm the judgment.