RAILWAY COMPANY *v.* THOMASON.

Opinion delivered May 12, 1894.

1. *Trial—Opening and closing.*
   Where a railway company, sued for killing stock, admits the killing by its train and the value of the animal, it assumes the burden of proof, and is entitled to open and conclude the argument.

2. *Opinion evidence—Non-expert.*
   A non-expert witness may testify his opinion as to how far the headlight of a locomotive engine throws a light forward and to the right and left.

Appeal from Washington Circuit Court.

EDWARD S. McDANIEL, Judge.

Action by Thomason against the St. Louis & San Francisco Railway Co.   The facts are stated in the opinion.

*E. D. Kenna, B. R. Davidson* and *H. S. Abbott* for appellant.

1.   Defendant admitted the ownership and the injury by the railway company.   This made a *prima facie* case for plaintiff, and threw the burden of proof on defendant. 39 Ark. 413; Mansf. Dig. sec. 2871; 32 *id.* 593; 30 *id.*

285–297. Having the burden of proof, defendant was entitled to open and conclude the argument. Mansf. Dig. sec. 5131, subd. 6; 13 Ark. 474–479. And it was reversible error to deny this right. 29 Ark. 151–3; 32 *id.* 593.

2. The testimony completely overcame the *prima facie* case, and defendant was entitled to a verdict. 53 Ark. 93; 40 *id.* 336; 41 *id.* 161; 48 *id.* 366.

3. It was error to refuse the fifth instruction. 33 Wis. 552.

*T. M. Gunter* for appellee.

1. The negligence was still denied, and the burden was on plaintiff, and he was entitled to open and conclude the argument. Mansf. Dig. sec. 5131.

2. The fifth instruction for appellant was properly refused. It was designed to draw the attention of the jury especially to the railroad witnesses. Const. sec. 23, art. 7; 49 Ark. 439.

3. A failure to sound the alarm at a public crossing is negligence, and the company would be liable, whether its servants saw the stock or not. Mansf. Dig. sec. 5478; 55 Ark. 200; 56 *id.* 155.

4. There is an irreconcilable conflict in the evidence. The jury is judge of the weight of evidence. There was ample evidence to support the verdict. 13 Ark. 285; *ib.* 296; *ib.* 306.

WOOD, J. Appellee obtained judgment against appellant for $85, for killing and injuring stock. The record shows: "The defendant, in open court, agreed to admit that the plaintiff's horse was of the value of $75, and that same had been killed as alleged, and that plaintiff's mule was struck by defendant's train at same time and place, and damaged to the extent of ten dollars, and offered to take the burden of proof. Thereupon, without objection, defendant proceeded to pass upon the

jury; and, having passed upon same, plaintiff also passed upon the jury, and, also without objection from plaintiff or his counsel and under the direction of the court, defendant proceeded to state his cause to the jury; and thereafter plaintiff by counsel stated his cause to the jury. Thereupon defendant, without objection of plaintiff, and under the direction of the court, introduced its proof." And, after the proof was in, the record recites that "the attorney for the railway company asked leave to make the opening and concluding arguments to the jury, but the court refused to allow him to do so, and ruled that the attorneys for the plaintiff were entitled to open and conclude the argument; to which the defendant by attorney at the time excepted." This is the last ground of the motion for new trial.

1. When defendant entitled to open and close.

1. The admission of appellant upon the record was equivalent to an abandonment of that part of his answer denying the killing. The injury being admitted, the law makes it *prima facie* negligent. *L. R. etc. Ry.* v. *Henson*, 39 Ark. 413. The appellant having also admitted the extent of the injury, had no proof been introduced, the verdict should have been for appellee, *i. e.*, the appellant would have been defeated. Mansf. Dig. 2871. After the appellant, under the direction of the court, and by the acquiescence of the appellee, had taken the initiative in passing upon the jury, stating the case and introducing the proof, there should not have been a "change of front" at the critical moment when it expected the only reward for its admission, to-wit: the right to begin and conclude the argument. Mansf. Digest, sec. 5131; *Rogers* v. *Diamond*, 13 Ark. 474–79.

2. Admissibility of opinion of non-expert.

2. A witness was asked: "Have you noticed how far a head light throws a light forward to the right and left?" and answered, "Yes, somewhat." "How far does it throw a light forward, and how wide a space

does it light?" Ans. "It would throw a light about 100 yards in front, I think, and cover a space from fifty to 100 feet wide, I suppose. I never was on an engine at night. The closer the engine, the narrower the light, I suppose; and the further from it, the dimmer. The light is concentrated ahead, and does not fall on the track close to the engine." The admission of this testimony is assigned as error. We can see nothing in the distance or range of the reflection of light by the head light of an engine calling for the exercise of peculiar skill, the possession of professional knowledge, or requiring any peculiar habit of study in order to qualify a person to understand it, and to testify about it intelligently. The witness was testifying to matters of fact which he says he had observed, and about which men of common understanding might be informed upon observation. Any person cognizant of the facts upon which he bases his judgment may give his opinion on questions of identity, size, weight, distance and time. Such questions are open to all men of ordinary information. The evidence is competent. Its weight is for the jury. 1 Greenleaf. Ev. sec. 440, note a; *Com.* v. *O'Brien*, 134 Mass. 198; 1 Smith's Lead. Cas. 286, note.

3. The court did not err in refusing requests for instructions. It had declared the law correctly upon the propositions which appellant asked, since the killing was admitted, and repetition was unnecessary and improper. For the error in denying appellant the right to open and conclude the argument, the judgment is reversed, and cause remanded. *Tobin* v. *Jenkins*, 29 Ark. 157; *Mann* v. *Scott*, 32 *ib.* 593.