## FANCHER *v.* KENNER.

### Opinion delivered November 10, 1913.

1. DEPOSITIONS—FAILURE OF WITNESS TO ANSWER QUESTIONS—SUPPRESSION.—It is not error for the court to refuse to suppress a deposition on account of the failure of witness to answer certain questions, when it appears that the questions did not tend to elicit facts material to the controversy. (Page 119.)

2. GIFTS—DELIVERY.—While delivery of a gift is an essential element of the gift, either *inter vivos* or *causa mortis,* an instruction will not be held erroneous which does not declare the necessity of a delivery; unless the court was requested to do so. (Page 120.)

3. INSTRUCTIONS—NECESSITY FOR SPECIFIC OBJECTION.—When appellant fails at the trial to enter a specific objection to an instruction which is not inherently erroneous, he can not urge the specific objection on appeal. (Page 120.)

4. PROBATE COURTS—TITLE TO PROPERTY—JURISDICTION.—The probate court has no jurisdiction to hear contests as to title of property between executors and administrators and others claiming title to property as against the estate of deceased persons. (Page 121.)

5. PROBATE COURT—PROPERTY OF ESTATE—JURISDICTION.—The probate court has jurisdiction to compel a party to disclose what personal property, belonging to an estate, he has in his possession, and to cause him to deliver the same to the executor. Kirby's Digest, § 1340. (Page 121.)

6. COSTS—ERRONEOUS PROCEEDING—OBJECTION.—Where appellant fails to object to an erroneous exercise of jurisdiction in the circuit court, on appeal from the probate court, and judgment was rendered for him for only a portion of the matter in controversy, he will not be heard to complain when the circuit court adjudged that he pay half the costs. (Page 122.)

7. COSTS—CONTROVERSIES OVER PROPERTY OF ESTATE.—Kirby's Digest, § 965, is not applicable to special proceedings under Kirby's Digest, § 1340. (Page 122.)

Appeal from Carroll Circuit Court, Eastern District; *J. S. Maples,* Judge; affirmed.

The appellant, as executor of the estate of Margaret C. Kenner, filed in the probate court of Carroll County a petition alleging that appellee had in his possession money and personal property belonging to the estate of Margaret C. Kenner, and that he withheld or concealed the same from the petitioner. The petition asked that Kenner be required to answer what property he had belonging to the estate of Margaret C. Kenner, and that he be required to deliver the same to the executor.

There was a trial in vacation before the probate judge, who found that Kenner had $200 belonging to the estate and other articles of personal property. Later this finding of the probate judge was made the judgment of the court, and the matter was appealed to the circuit court. Trial was had in the circuit court as to the title to the property which the appellee had in his possession. The appellee claimed that the property he had in his possession had been given to him by his mother, and the testimony introduced by him tended to prove his contention. Appellant, on the other hand, contended that the property which the testimony showed appellee had in his possession, had been disposed of by Margaret C. Kenner by will and that the same was the property of the estate. There is testimony tending to support his contention.

The cause was submitted to a jury and the verdict was in favor of the appellee as to all the articles claimed by him except the buggy. As to that, their verdict was in favor of the appellant. The court rendered a judgment against appellant for one-half the costs, and appellant prosecutes this appeal. Other facts stated in the opinion.

*Guy L. Trimble,* for appellant.

1. It was error to tax one-half the cost against the appellant. The jury awarded to appellant property claimed as belonging to the estate, the buggy, which appellee denied. The verdict should have carried with it

the costs. Section 967, Kirby's Digest, does not apply in this case, but only where there are several causes of action.

2. To make a gift *causa mortis* effective, there must be a delivery, and the court's instructions 7 and 8 without qualification are erroneous.

*Festus O. Butt,* for appellee.

1. Delivery is an essential part of a gift, either *inter vivos* or *causa mortis,* and is so understood. It is not necessary that the court mention the matter of delivery in its instructions, unless there is a question raised by the evidence as to the fact of delivery, or unless the court's attention is called to the omission. 87 Ark. 602; 89 Ark. 300; 93 Ark. 209; *Id.* 451; 92 Ark. 111; 94 Ark. 254; *Id.* 282; 132 S. W. (Ark.) 643; 133 *Id.* 845; 135 *Id.* 811; 144 *Id.* 519; 99 Ark. 226; 98 Ark. 352.

2. The court properly assessed one-half the cost against the appellant. It was a matter of discretion with the court to tax part of the cost against appellant, especially in view of a large part thereof having been incurred unnecessarily by appellant. Kirby's Dig., § 967; 17 Ark. 361; 65 Ark. 219.

WOOD, J., (after stating the facts). The appellant complains because the court refused to suppress the deposition of a certain witness, giving as his reason that the witness declined to answer questions, and that her statements were inadmissible. We have examined the questions which appellant contends the witness refused to answer, and do not find that they tended to elicit facts that were material to the controversy, and therefore there was no prejudice in the court's ruling.

The court gave, among others, the following instructions:

"7. The court instructs the jury, that one has a right to dispose of his property as he or she sees fit, and in this case, if you find from the evidence that Mrs. Margaret C. Kenner, prior to her death, when she was of sound mind and disposing memory, gave to the defend-

ant the property, or a part of the property in question, intending that it should be his property, then such property claimed as a gift, if you find a gift was made, would in law be the property of the defendant.''

"8. As to whether or not the property in question was the property of Rulus Kenner, by gift or otherwise, from his mother is a question of fact for you to determine from all the facts and circumstances in evidence before you in this cause.''

The appellant saved a general objection to each of the instructions, and he contends here that the instructions should have told the jury that there must be a delivery in order to constitute a gift. The instructions were correct declarations of law, applicable to the issue that was being tried. While delivery of a gift is an essential element of the gift, either *inter vivos* or *causa mortis*, it is not necessary for the court to so instruct the jury unless requested to do so. The gift of a thing includes the delivery thereof, and the instructions were sufficient to present the issue of fact raised by the testimony. If the appellant had desired the court to define more specifically the elements constituting a gift, including delivery, doubtless it would have done so if it had been so requested.

Having contented himself with the general objection at the trial, he can not now urge a specific objection on appeal to an instruction which is not inherently erroneous. *St. Louis, I. M. & S. Ry. Co.* v. *Richardson,* 87 Ark. 602; *Mo. & North Ark. Rd. Co.* v. *Daniels,* 98 Ark. 352; *Geren* v. *St. Louis, I. M. & S. Ry. Co.,* 99 Ark. 226. See, also, *Strickland* v. *Strickland,* 103 Ark. 183; *Harmon* v. *Frye,* 103 Ark. 584.

The appellant objects to the judgment taxing him with one-half of the costs. Sections 60, 61 and 62, under which the executor instituted this proceeding in the probate court, embody the procedure as contained in chapter 4, § § 47, 48, 49 and 50 of the Revised Statutes, as amended by the act of March 17, 1885. The amendment of 1885 added to the laws contained in the Revised Stat-

utes by vesting the probate judge with the right also to proceed in vacation in the same manner as the probate court. This court, in passing upon the provisions of the Revised Statutes, in *Moss* v. *Sandefur, Executor,* 15 Ark. 381, said that, their purpose was "not to invest the probate court with jurisdiction of contested rights, and matters of litigation, as to the title to property, between the executor or administrator and others."

The sections of the Revised Statutes construed by the court in *Moss* v. *Sandefur, supra,* were enacted under the Constitution of 1836, giving to the probate court such jurisdiction in matters relative to the estates of deceased persons, as might be prescribed by law. Const. of 1836, art. 6, § 10. At the time when above case was decided the Legislature had not conferred upon probate courts jurisdiction to hear contests as to the title of property between executors and administrators and others claiming title to property as against the estate of deceased persons. They had no such jurisdiction then, nor do they have it under the present Constitution. Const. of Ark., art. 7, § 34; Kirby's Digest, § 1340.

The court, under the statute, had jurisdiction only to compel the appellee to disclose what personal property he had in his possession belonging to the estate of Margaret Kenner, and to cause him to deliver the same to the executor. The proceeding, up to the time when the probate judge, in vacation, made a finding to the effect that appellee had in his possession certain property belonging to the estate, may be treated as in conformity with the statute, but thereafter the proceedings were erroneous. The appellant acquiesced, however, in the subsequent proceedings by submitting thereto without objection. He permitted the appeal to the circuit court, and permitted the trial to proceed therein as if it were an inquiry to ascertain what property the appellee had in his possession belonging to the estate. While this was an erroneous method of procedure in making the inquiry after it was disclosed that appellee was claiming the property in his own right, still the probate court, and

the circuit court on appeal, had jurisdiction of the subject-matter of the inquiry, and an erroneous exercise of that jurisdiction did not defeat it. The appellant, however, as we have stated, acquiesced in this proceeding and the judgment that was rendered against him in the circuit court was adverse to him as to all the articles of property that had been ordered to be delivered to him except the buggy. The appellant had it in his power to prevent the erroneous method of procedure in the circuit court had he made timely objection thereto, and much of the costs incident to the trial of the rights of property incurred by appellant he could have prevented and they were unnecessary had he objected to the procedure. As was held in *Meadows* v. *Rogers,* 17 Ark. 361: "It is within the power of the circuit court, in the exercise of a sound discretion, to disallow to the plaintiff any costs which he has caused unnecessarily to be accumulated." He submitted, and lost in the circuit court all that the probate court had adjudged him entitled to except the buggy. Under these circumstances, it can not be said that the judgment was wholly in appellant's favor. The judgment was in favor of the appellee as to all the articles which appellant contended belonged to the estate except the buggy. The appellant, therefore, did not recover judgment for these articles. He was in the attitude, under the issues presented, of having asked judgment for all the articles of property and only recovering it as to one.

The awarding of costs, under the peculiar facts presented by this record, was in the discretion of the court, and we find no abuse of that discretion in taxing one-half the costs against appellant. As was said in *Meadows* v. *Rogers, supra,* "The judge who presided in the trial of this cause heard all the witnesses examined, was more competent to give proper directions about the taxing of costs than we can possibly be." Section 965 of Kirby's Digest is not applicable to this special statutory proceeding.

The judgment is affirmed.