DAVIS *v*. PARISH.

Opinion delivered October 8, 1923.

1. RAILROADS—OPERATION OF TRAIN—BURDEN OF PROOF.—In suits against a railroad company for the recovery of damages done to property by the running of its trains, the burden of showing due care upon its part is cast upon the railroad company.

2. RAILROADS—NEGLIGENCE—EVIDENCE.—Though the engineer and fireman testify that they were keeping a lookout and failed to see a dog that was killed on the track, and that they gave the statutory signals at a crossing, a finding that the railway company was negligent will be sustained where there was testimony tending to contradict their testimony.

Appeal from Chicot Circuit Court; *Turner Butler,* Judge; affirmed.

*E. B. Kinsworthy* and *B. S. Kinsworthy,* for appellant.

The dog was in a place of safety, and the train operatives had the right to assume that it would not run into a place of danger. 129 Ark. 583; 78 Ark. 234. There was no duty resting upon the engineer to slow down or take other measures for the protection of the dog until he saw that it was going into a place of danger. 78 Ark. 234. The accident was unavoidable and the railroad company was not liable. *Davis* v. *Porter,* 153 Ark. 375; 89 Ark. 120; 78 Ark. 234; 52 Ark. 96.

*Golden & Golden,* for appellee.

The presumption is that the dog was killed by the running of the train. C. & M. Digest, 8574. The killing made a *prima facie* case of negligence on the part of appellant. 93 Ark. 28; 63 Ark. 643; 72 Ark. 23; 90 Ark. 1. The findings of fact by the court, if sustained by any substantial evidence, will not be overturned on appeal. 36 Ark. 261; 60 *Id.* 250; 114 Ark. 170; 107 *Id.* 281; 111 Ark. 190; 112 Ark. 47.

HUMPHREYS, J. Appellee instituted suit against appellant in the circuit court of Chicot County to recover $125 on account of the alleged negligent killing of his

Airedale dog by the operators of appellant's southbound train No. 105, near Dermott, Arkansas, on January 6, 1920. Appellant filed an answer denying that the dog was killed through the fault and negligence of its operators.

The case was submitted upon the pleadings and testimony of the court, sitting as a jury, which resulted in a verdict and consequent judgment for $75 in favor of appellee, from which is this appeal.

Appellant contends for a reversal of the judgment upon the alleged ground that the evidence was insufficient to warrant the verdict. W. P. and W. A. Daniels testified, in substance, that they were approaching Smith's Crossing near Dermott, at the distance of one-quarter mile, on January 6, 1920, when appellant's southbound train passed them; that they were certain the whistle was not blown, and that no stock alarm was sounded; that when they reached the crossing they observed the bruised and torn body of an Airedale dog between the rails, which had been dragged on the track about twenty feet, according to the surrounding appearances; that the body was warm, and that warm blood was in the road and on the railroad. That the dog's entrails were strewn across the public road and along the track for about twenty feet; that the dog's head was cut off and lying outside the rails; that they took the collar off the dog's neck, which had appellee's name written upon it.

Josh McCarty, the engineer, testified, in substance, that, as the train approached Smith's Crossing, he gave the statutory signals and was keeping a lookout; that he saw two dogs near the edge of the right-of-way, one black and other an Airedale; that they ran across the right-of-way and followed along by the side of the engine, barking at the cylinders; that the engine passed them at the road crossing; that they were not in danger at any time from the engine, always being in a place of safety, and for that reason he did not stop the train or sound the stock alarm.

J. E. Beane, the fireman, testified, in substance, that he was on his box, keeping a lookout ahead, and that the statutory signals for the crossing was given; that it was impossible for him to have seen the dogs approach from the engineer's side, and that he observed no dog on the track ahead of him; that he knew nothing whatever of any dog being killed by the train.

The testimony tended to show the dog was worth $75 or more.

Railroads are made responsible by statute, in this State, for all damage to property caused by the running of their trains. Crawford & Moses' Digest, § 8562. In considering the statute this court has said that "when a damage of property is shown to have been caused by the operation of trains coming in contact with it, a *prima facie* case of negligence is made against the railroad company." *St. L. I. M. & S. R. Co.* v. *Gibson*, 107 Ark. 431. And has also said that "in suits against a railroad company for a recovery of damages done to property by the running of its trains, the burden of proof of showing due care upon its part is cast upon the railroad company." *Green* v. *St. L. I. M. & S. R. Co.*, 99 Ark. 226.

It is established by the undisputed facts in this case that appellee's dog was killed by appellant in the operation of its train, so, under the rules of construction quoted above, the killing must be regarded as negligent, unless the testimony reveals the fact that due care was used by the servants of appellant to prevent the injury. We do not think the testimony of the engineer and fireman necessarily rebuts the presumption of negligence arising out of the act of killing the dog. Neither of them saw the dog killed or venture any explanation of how it was killed. Both the engineer and fireman testified that the statutory signals for the crossing were given, but in this respect they were contradicted by W. P. and W. A. Daniels, who testified that they observed the passing train, and are certain the whistle was not blown. Physi-

cal facts show that the dog was struck on the tracks north of the public road and dragged across the public road and along the railroad track for twenty feet in the direction the train was going. Blood was found in the public road and on the railroad track, and the entrails of the dog were strewn across the public road and along the railroad track for twenty feet in the direction of the dog's body. According to the testimony of the engineer, the dog was running along the side of the engine, barking at the cylinders, when the engine crossed the public road. The jury therefore may have concluded that the testimony of the engineer was untrue, as being in conflict with the physical facts; that he had not given the statutory signals as claimed, being contradicted in that respect by the Daniels; that he and the fireman failed to keep the proper lookout, on the theory that, if they had done so, they could have seen the dog which was killed on the track in time to have prevented the injury by giving stock alarms, which, all agree, were not given. The theory is advanced by learned counsel that, after the engine passed, the dog ran under one of the cars or was struck by a journal box, step, or some part of the car, and was thrown under the train. In fact, it is contended that this is the only reasonable inference that can be drawn from the evidence. The record reflects that the body of the dog was between the rails, and the head outside of the rails when discovered. This physical fact is in conflict with the theory advanced. If the head was severed from the body while running between the wheels onto the track, the head would, in all probability, have been found between the rails and the body on the outside. It cannot be said that the jury arbitrarily discarded the testimony of the engineer by refusing to accept the theory advanced by counsel. We think the appellant has failed to meet the burden of proof cast upon it by the statute, and that the verdict and judgment are supported by substantial evidence.

No error appearing, the judgment is affirmed.

Mr. Justice HART and Mr. Justice SMITH dissent.