Missouri Pacific Railroad Company *v.* Medlock.

Opinion delivered June 8, 1931.

*Thos. B. Pryor* and *Thos. B. Pryor, Jr.,* for appellant.

*Partain & Agee,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment in the sum of $150 obtained by appellee against appellant in the circuit court of Crawford County for an injury received through the alleged negligence of a fellow-servant while turning a motor car around which was being used by a section gang to carry their tools and ride upon when engaged in the performance of their duties. It was alleged in the complaint that Sleepy Reeves, a co-employee of appellee, negligently slipped or stumbled without warning or notice to appellee released his hold and allowed the weight of the end of the car they were lifting to fall or rest upon him and strain his back.

Appellant contends for a reversal of the judgment on the sole ground that the testimony failed to show any fact from which it might reasonably be inferred that appellee's co-employee negligently slipped or stumbled.

Appellee, on the other hand, argues that it may reasonably be inferred from his own testimony that his co-employee negligently slipped or stumbled, thereby causing him to release his hold on the car and throw its entire weight on appellee. The testimony he relies upon is as follows:

"We worked until about 2 o'clock, and we started to turn our car to come back to town; it was at the crossing, and we started to turn the car around, and it got hung and one of the boys went around to prize it loose, and that left two at my end of the car, and some way Sleepy Reeves stumbled and left the weight on me."

From aught that appears from this testimony, the slipping or stumbling which caused Sleepy Reeves to release his hold on the car may have been due to an accidental misstep. Had the testimony tended to show even inferentially that the slipping or stumbling was due to a failure on the part of Sleepy Reeves to watch where he was walking or to walk as slowly as he should or to inattention or disobedience or other misconduct in the performance of his duties, then such testimony would

have created a question of fact upon the issue of negligence for determination by the jury; but, since the cause of the slipping was conjectural only, it was improper to submit the issue of negligence to the jury. Upon the record as it stands, the court should have instructed a verdict for appellant.

Only a few of the parties present when the alleged injury occurred testified in the case. Sleepy Reeves was not introduced as a witness by either party. It may be that the case was not fully developed.

On account of the error indicated, the judgment is reversed, and the cause is remanded for a new trial.