MISSOURI PACIFIC RAILROAD COMPANY *v.* SIMMONS.

4-3856

Opinion delivered May 6, 1935.

*R. E. Wiley, Henry Donham* and *Wm. P. Bowen,* for appellant.

*Harper E. Harb,* and *Paul L. Barnard,* for appellee.

SMITH, J. Appellee was employed as a member of an extra section gang, and was engaged, in conjunction with eight or nine other members of the section crew, in lifting and in placing a motor car on the east side of a track at a point some three or four feet lower than the track from which it was being removed. Grover Collier was a member of the section crew, as was also Albert Turner. Appellee had hold of the car on the east side. Collier had hold of the southwest corner of the car on the south side. Turner had hold of the car on the southwest corner on the west side. This placed appellee and Turner directly opposite each other. Collier, on the south side of the car, was some fourteen inches or more from Turner. The other men were around the car in other places. The men had lifted the car and had just about cleared the east rail of the railway track when Turner stepped on the left foot of Collier. This caused Collier to fall and Turner to go down on his knees and threw the

entire weight which the three men named had been carrying on appellee, who had walked down the railroad dump three or four feet lower than Turner. This unexpected weight caused a strain to appellee's back, which resulted in an injury to his lumbar vertebrae, and also an injury to his scrotum causing hydrocele.

At the trial from which this appeal comes appellee recovered a judgment for $1,200, and for its reversal it is insisted that appellee's injury was the result of a mere accident, for which appellant should not be held liable, and that the verdict is excessive, in that the testimony does not show that appellee's present condition was caused by his injury, and that the court erred in permitting appellee to express his opinion as to the effect of Turner's step.

The first and third assignments of error are so related that they may be discussed and disposed of together. This question was asked appellee by his attorney: "Q. Now, then, in the position that Grover Collier was and Albert Turner was in—had Albert Turner just taken ordinary steps would he have stepped on Grover Collier's foot?", and he answered, "No, sir, he would not have stepped on his foot."

It is insisted that this answer was based upon an opinion which appellee should not have been allowed to express, and that, even though competent, it does not sustain a finding that the act was negligent.

We think the answer was not incompetent. In the case of *St. L.-S. F. Ry. Co.* v. *Bishop*, 182 Ark. 763, 33 S. W. (2d) 383, a witness who had taken no measurement of a grabiron on a railroad boxcar which was alleged to have been defective was permitted to testify how much he thought it was bent. In holding the testimony competent, we quoted from the case of *Railway Co.* v. *Thomason*, 59 Ark. 140, 26 S. W. 598, as follows: "'Any person cognizant of the facts upon which he bases his judgment may give his opinion on questions of identification, size, weight, distance and time. Such questions are open to all men of ordinary information. The evidence is competent. Its weight is for the jury.'" It will be observed that the witness did not state that the act was

negligent. Such an answer would have been incompetent, as that was a question for the determination of the jury. But the answer that if Turner had taken an ordinary step he would not have trod on Collier's foot was the statement of a fact which may or may not have been true. It is insisted that, even though true, it did not establish negligence, for the reason that Turner was required to take a longer step than ordinary to step over the rail of the railroad track. This also was a question of fact which has been passed upon by the jury.

The case of *Missouri Pacific Railroad Co.* v. *Medlock*, 183 Ark. 955, 39 S. W. (2d) 518, is cited as being conclusive, as a matter of law, that there was no question of negligence to be submitted to the jury. It was there said: "From aught that appears from this testimony, the slipping or stumbling which caused Sleepy Reeves to release his hold on the car may have been due to an accidental misstep. Had the testimony tended to show even inferentially that the slipping or stumbling was due to a failure on the part of Sleepy Reeves to watch where he was walking or to walk as slowly as he should or to inattention or disobedience or other misconduct in the performance of his duties, then such testimony would have created a question of fact upon the issue of negligence for determination by the jury; but, since the cause of the slipping was conjectural only, it was improper to submit the issue of negligence to the jury. Upon the record as it stands, the court should have instructed a verdict for appellant."

It will be observed that it did not appear in the case cited why Reeves had fallen, and the case was not dismissed, but was remanded for that point to be more fully developed. It was said, however, that: "Had the testimony tended to show even inferentially that the slipping or stumbling was due to a failure on the part of Sleepy Reeves to watch where he was walking or to walk as slowly as he should or to inattention or disobedience or other misconduct in the performance of his duties, then such testimony would have created a question of fact upon the issue of negligence for determination by the jury." Here it was shown by the testimony quoted, not

inferentially, but positively, that Turner had either walked too fast or had stepped too far, and that this act caused the unexpected weight of the car to be thrown upon appellee as he was descending the embankment or dump of the railroad track. The jury may have found that in the exercise of proper care Turner should have slipped or shuffled his feet, and that, had he done so, the unexpected weight would not have been thrown upon appellee, while he was in a precarious position.

The testimony is undisputed that appellee suffered a hydrocele, but there is a sharp dispute as to when it developed, and as to what had caused it. Two physicians testified as experts for appellee and three for appellant, and all are agreed that such an injury as appellee says he sustained might have caused the hydrocele. But they all are also agreed that, if this had been the cause, the trouble would have developed within thirty days thereafter. Appellee was carried to and treated at the railroad hospital, and the physicians there in attendance testified that an examination of appellee made more than thirty days after his injury did not disclose the hydrocele trouble. Appellee testified that he then did have that trouble.

The physicians appeared also to be in agreement that appellee was suffering to some extent from an excessive bone growth on his lumbar vertebrae, although they differed as to its extent and probable cause. It was the opinion of the expert witnesses for appellant that this trouble, as well as the hydrocele, was caused by syphilis. These witnesses testified that three separate tests of appellee's blood each showed positively that appellee had syphilis, and that this may have been the efficient cause of appellee's trouble. It is insisted, therefore, that it is speculative and conjectural that appellee's condition is related and attributable to his injury and cannot, therefore, be compensated in this suit. The case of *Malvern Lumber Co.* v. *Sweeney*, 116 Ark. 56, 172 S. W. 821, is cited in support of that contention. We there quoted from 3 Bailey on Personal Injury, page 2136, as follows: " 'It may be correctly stated as a rule that proof of an alleged act or omission as causing injury is not suffi-

cient to establish it as the cause, so long as other causes exist and were present, which might as well have caused it. Surmise and conjecture cannot supersede proof. There must exist some degree of certainty. There need not be absolute certainty or freedom from reasonable doubt, but sufficient must be shown to overcome or more than balance any presumption that other causes may have produced it.' "

But the testimony is not undisputed that appellee is suffering from syphilis. On the contrary, Dr. McGill, of Little Rock, testified that he, too, made an examination of appellee's blood, and found no evidence of syphilis.

Appellee testified that he had been rendered unable to perform heavy manual labor, and that he had suffered much pain, and still suffered to some extent. In view of this testimony, we are unwilling to say that the verdict in appellee's favor for $1,200 is so excessive as to require its reduction.

No error appears, and the judgment must therefore be affirmed. It is so ordered.