Amos *v.* Grimes.

5-1279                                                301 S. W. 2d 745

Opinion delivered May 13, 1957.

*Shaver, Tackett & Jones,* for appellant.

*Tompkins, McKenzie & McRae,* for appellee.

Sam Robinson, Associate Justice. This action grows out of a collision between two vehicles on a country road. The appellees, Lois Grimes, and her husband, E. S. Grimes, plaintiffs in the Circuit Court, were traveling west in a pickup truck owned by Mr. Grimes and being driven by Mrs. Grimes. Appellant, Clyde Amos, was driving his automobile east; the two vehicles collided head-on. There was a judgment for the plaintiffs. The jury made a finding that 77% of the cause of the collision was due to the negligence of the appellant, Amos, and that the appellee, Mrs. Grimes, was 23% to blame. Appellant contends there is no substantial evidence of negligence on his part, and that the trial court erred in submitting the case to the jury. We do not agree that there is no substantial evidence of negligence on the part of Amos.

The road on which the mishap occurred is a graveled country road, perhaps wide enough for two lanes of travel, but traveled in such manner that only one lane of travel is habitually used. Vehicles going in both directions use the same lane of travel except, of course, when passing. This well traveled portion of the

road, used almost exclusively, is squarely in the center of the highway. The terrain in the vicinity is hilly. Appellees were going up a short, steep hill at a speed of some fifteen to twenty miles an hour when appellant, Amos, came over the hill driving at a rapid rate of speed. He attempted to stop his car, but could not do so; his automobile skidded a distance of 45 feet and struck the Grimes truck. The hill on which the collision occurred is so steep that the occupants of cars on the opposite sides thereof cannot see a vehicle approaching from the other side until a point is reached almost at the very top of the hill. Amos was familiar with the situation, and the fact that he drove over the hill in the existing circumstances at such a rapid rate of speed is substantial evidence of negligence. Amos testified that he was going 45 miles per hour, and there is other evidence that he was going 65 or 70 miles per hour; pictures of the damaged cars, taken after the collision, indicate that the impact must have been terrific. There is evidence that Mrs. Grimes attempted to get out of the way, but was unable to do so. However, the jury found her partly at fault.

The other points argued on appeal apply to the action of the court in giving certain instructions and in failing to give other instructions. It is contended that the court erred in the failure to give five instructions requested by appellant, and in giving five instructions requested by appellee. Some of the requested instructions were very long and to discuss each of these instructions in detail would unduly extend this opinion. Suffice it to say that we have examined carefully all of the instructions given, and all of those refused, but find no error.

Appellant lays particular stress upon the court's failure to give a requested instruction submitting to the jury the theory of an unavoidable accident. In support of this contention appellant cites *St. Louis-San Francisco Railway Company* v. *Bryan,* 195 Ark. 350, 112 S. W. 2d 641; *Booth & Flynn Company* v. *Pearsall,* 182 Ark. 854, 33 S. W. 2d 404; *St. Louis-San Francisco*

*Railway Company* v. *Burns,* 186 Ark. 921, 56 S. W. 2d 1027; *Missouri Pacific Railroad Company* v. *Medlock,* 183 Ark. 955, 39 S. W. 2d 518. But in all of those cases there was evidence that the mishap was due to an unavoidable accident.

In *Crown Coach Company, Inc.* v. *Palmer,* 193 Ark. 739, 102 S. W. 2d 853, this court sustained the action of the trial court in refusing an instruction submitting the issue of an unavoidable accident because ''no evidence was introduced to show the injury resulted from an unavoidable accident.'' Likewise, in the case at bar, there is no evidence of an unavoidable accident. The evidence shows that the collision was due to the negligence of Amos in driving over the hill at a speed which was excessive in the circumstances, or in negligence on the part of Mrs. Grimes in failing to get out of the way in time to avoid the collision; the jury found there was negligence on the part of both parties.

Affirmed.