AGATHA B. MAYER and EDWARD MAYER, Trading
under the name and firm of THE NEW HOPE
MINE.

*Attachment—Practice in the Appellate Court—Mis-
joinder of Husband and wife.*

On a motion to quash an attachment, the appellate Court is not confined
to the consideration of the particular objections which may appear by
the record to have been urged in the Court below; but if the proceed-
ings brought up for review appear on their face fatally defective, the
motion must prevail.

An attachment cannot be maintained against husband and wife, the cause
of action being a debt alleged to be due by them, as co-partners, upon
their *assumpsit* made to the plaintiff, during coverture.

APPEAL from the Circuit Court for Allegany County.

This was a case of *attachment*, sued out by the appellee
against the appellants, as non-residents, to recover the sum of
$840, due to him from them for demurrage on a canal boat.
The attachment was issued against Agatha B. Mayer and her
husband Edward Mayer, who, the affidavit alleged had been
doing business under the name and style of " The New Hope
Mine." A motion was made by the defendants to quash the
attachment, and various reasons assigned in support thereof,
but, as this Court declined to express any opinion thereon,
they need not be stated. The Court (PEARRE, J.,) overruled
the motion, and the defendants appealed.

The cause was argued before BARTOL, C. J., STEWART,
BRENT, and ALVEY, J.

*William J. Read,* for the appellants.

*Thomas J. McKaig,* and *J. H. Gordon,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

This case comes before us on a motion to quash an attachment issued at the instance of the appellee. Several grounds in support of the motion were presented to the Court below, on which we deem it unnecessary to express any opinion, as there is an objection which is fatal to the attachment apparent upon the face of the proceedings, arising from the misjoinder in the action of the defendant, Agatha B. Mayer, who is a *feme covert.*

The argument of the appellee that this objection not having been made in the Court below, is not open for consideration on this appeal, is answered by the case of *Boarman vs. Israel and Patterson,* 1 *Gill,* 372, 381, in which it was decided that the Act of 1825, has no application to a proceeding of this kind, and that on a motion to quash an attachment the appellate Court is not confined to the consideration of the particular objections which may appear by the record to have been urged in the Court below ; but if the proceedings brought up for review appear on their face to be fatally defective, the motion must prevail.

The appellants are alleged to be husband and wife, and are sued as co-partners trading under the name and firm of "The New Hope Mine,"—the cause of action is a debt alleged to be due by the appellants upon their *assumpsit* made to the appellee during the coverture. This affirmatively appears by the account and affidavit which form the basis of the attachment. It is well settled that a married woman can in no case be sued upon a mere personal contract made during coverture. 1 *Ch. Pl.,* 58, *m.*

"In an action founded on a contract subsequent to the marriage, the wife cannot be joined as defendant." 2 *Bright's Husb. & Wife,* 79, and cases there cited.

While the appellee concedes this proposition to be true, he contends that the cause of action may, for any thing that appears in the proceedings, be a debt due by the wife before marriage; and therefore, she is properly joined as defendant.

But in order to maintain the suit, it ought to appear affirmatively that the account sued on was due by the wife before marriage. There is no such averment made in the account or the affidavit. On the contrary, their plain legal import and effect are, that the cause of action is a joint undertaking of the appellants made by them while husband and wife, and as co-partners. That being so, the suit cannot be maintained.

> *Judgment reversed and*
> *attachment quashed.*

