BATTE ET AL. v. McCAA ET AL.

1. MARRIED WOMAN: *Conveyance by attorney.*
   A married woman cannot convey her lands by power of attorney.

2. STATUTE OF LIMITATIONS: *Against married woman.*
   The decision in *Hershey v. Latham,* 42 *Ark.,* 305, that the act of April 28, 1873, authorizing a married woman to sue alone and in her own name did not repeal by implication the saving clause in the statute of limitations in her favor, was based upon the *proviso* in the act of January 4, 1851, which expressly saves to a married woman and her heirs the right to sue for land within three years after her *discoverture;* which displaced the provision of the act of December 14, 1844 (*sec.* 4130 *Gantt's Digest*) limiting the time of her action after her "*disability is removed.*"

APPEAL from *Miller* Circuit Court.
Hon. C. E. MITCHEL, Circuit Judge.

Batte et al. v. McCaa et al.

*O. D. Scott* and *W. L. Terry* for appellants.

1. The demurrer to the first plea was properly sustained. *Holland v. Moon, 39 Ark., 121.*

2. The statute of limitations does not commence to run against a married woman until after discoverture. *39 Ark., 358; 42 Ib., 305.*

*B. B. Battle* for appellees.

While this court, in *42 Ark., 305*, ruled that the statute of limitations did not run against a married woman until after "*discoverture,*" we think the court fell into error by overlooking *sec. 4130 Gantt's Digest*, which reads "*after such disabilities may be removed.*" See on this point *93 U. S., 674; 51 Me., 305; 50 Cal., 303; 82 Ill., 385; 82 Ib., 172; 52 Barb., 146; 3 Ohio St., 80.*

SMITH, J. This ejectment for an undivided half of 637 67-100 acres of land was brought in the year 1882. The plaintiffs claimed title by inheritance from their mother, to whom her father had, by deed of gift executed in 1852, conveyed that interest in the lands. The complaint averred that the said donee was, at the date of the execution of said conveyance, the wife of Thomas Batte and so continued to be until his death in September, 1881, and that she died in October of the same year.

The answer did not traverse any of these allegations, but pleaded by way of confession and avoidance first, that Mrs. Batte had, in 1855, joined her husband in the execution of a power of attorney to one McCarthey, authorizing him to sell and convey these lands, and that said attorney in fact had in the same year bargained and sold the premises to one Higgs, under whom the defendants held by sundry mesne conveyances; and second, the statute of limitations and adverse possession were relied upon.

Batte et al. v. McCaa et al.

A demurrer was sustained as to the first of these pleas and overruled as to the second. Upon the issue thus raised, the parties went to trial before the court, a jury having been waived. The proofs showed that Higgs had taken possession under his purchase and that he and those claiming through him had held actual and unbroken possession ever since. And the court found the facts and the law to be in favor of the defendants and gave judgment accordingly.

1. MARRIED WOMAN: Conveyance by attorney. In adjudging the first plea to be defective, the court followed *Holland v. Moon, 39 Ark., 121.* A married woman cannot convey her lands by power of attorney. But as no exceptions were reserved to the disposition of this plea, no further notice needs be taken of it.

2. Statute of limitations against. But the plaintiffs did except to the action of the court in holding the second plea to be good, and they also moved for a new trial because the finding was against the law as well as the evidence.

The action was not barred. This was expressly decided in *Hershy v. Latham, 42 Ark., 305;* nor did we overlook the *act of December 14, 1844 (sec. 4130 of Gantt's Digest),* which gives a married woman the same time for bringing her action after her disability is removed that she would otherwise have had, from the accrual of the cause of action, if she had not been under disability. But this can not control the proviso of the later *act of January 4, 1851 (sec. 4113 of Gantt's Digest),* which expressly saves to a married woman and her heirs the right to bring suit for her lands within three years after her discoverture.

Reversed and remanded with directions to sustain the plaintiffs' demurrer to the second plea.