GILKERSON—SLOSS COMMISSION CO. *v.* SALINGER.

Opinion delivered June 4, 1892.

*Husband and wife—Partnership.*

> A married woman cannot form a partnership with her husband in a mercantile business, by virtue of her constitutional right to hold separate property and her statutory right to transfer her separate personal property and carry on any trade or business.

Appeal from Monroe Circuit Court.

GRANT GREEN, JR., Judge.

*Ewan & Thomas* and *W. S. McCain* for appellants.

The common law restrictions have been removed by statute, and under our present laws there is no reason why a husband and wife cannot form a partnership. Mansf. Dig. sec. 4625 ; 30 Ark. 727 ; 43 *id.* 212 ; 122 N. Y. 308 ; 3 Biss. 405; 51 Wis. 204 ; 1 Lindley on Part. \* 124, 210 ; 9 Neb. 16 ; 49 Ark. 430 ; 52 *id.* 237.

*W. F. Hill* for appellee.

A married woman cannot be held responsible for the debts of a firm composed of herself and husband as mercantile partners. 29 Ark. 346 ; 9 Am. & Eng. Enc. Law, p. 794 ; Harris, Cont. Mar. Women, sec. 582 ; 30 Ark. 17 ; 30 *id.* 678 ; 29 *id.* 207 ; 43 *id.* 212, 217 ; 91 Ind. 384 ; 73 Mich. 146 ; 16 Am. St. Rep. 572 ; 3 Allen, 127 ; 5 *id.* 460 ; 140 Mass. 521 ; 44 Ohio St. 192 ; 54 Tex. 16 ; 30 Md. 402 ; 23 Fla. 83 ; 20 W. Va. 571 ; 73 Mich. 35 ; Harris, Cont. Mar. Women, sec. 618.

HUGHES, J. The question is presented by a demurrer which the court below sustained to the following complaint :

" The plaintiff, Gilkerson-Sloss Commission Company, a corporation incorporated under the laws of Missouri, doing business at St. Louis, state that Louis Salinger died on the 26th day of November, 1890 ; that

at the time of his death, and for five years previous thereto, the defendant, Lena Salinger, was the wife of said Louis Salinger ; that, for some time previous to January 20, 1888, the defendant and one William Hooker were partners in trade, under the firm name of William Hooker & Co., doing a general mercantile business at Brinkley, Ark., and on said 20th day of January, 1888, said William Hooker sold and transferred all his right and interest in the property and assets of said firm of William Hooker & Co. to said Louis Salinger, and thereby said Louis Salinger and the defendant, Lena Salinger, became jointly interested in the ownership of said partnership property, and said Louis and Lena then and there agreed to adopt the firm name and style of L. Salinger & Co., and to carry on and continue said mercantile business as partners with each other, and they did adopt said name and style of L. Salinger & Co., and did, pursuant to such partnership agreement, carry on such business from the said 20th day of January, 1888, until the day of said Louis Salinger's death, to-wit : November 26, 1890, and while such partnership business of L. Salinger & Co. was being carried on, to-wit, during the year 1890, the plaintiff sold and delivered to L. Salinger & Co. goods, wares and merchandise to the sum of $1,260.36, for part of which said L. Salinger & Co. executed to plaintiff two promissory notes. An itemized statement of plaintiff's account against said L. Salinger & Co., including the amount of said notes, together with the notes, is herewith filed, showing all credits to which they are entitled, and leaving a balance of $571.59 due and unpaid to plaintiffs. No part of said indebtedness has been paid except as credited on said statement."

Can a married woman become the partner of her husband in a mercantile business ?

In many of the States it is held that she may, under statutes enlarging the powers of married women and

removing in part their disabilities at common law. It is so held in *Suau* v. *Caffe* in 122 N. Y. 308. But the weight of authority is that she cannot. At common law the legal existence of the wife was merged in that of the husband, and they could not contract with each other.

Section 7 of article 9 of the Constitution of 1874 provides that " the real and personal property of any *femme covert* in this State acquired either before or after marriage, whether by gift, grant, inheritance, devise or otherwise, shall, so long as she may choose, be and remain her separate estate and property and may be devised, bequeathed or conveyed by her the same as if she were a *femme sole*, and the same shall not be subject to the debts of her husband."

It has been held that under this section a married woman may convey her separate estate, and acknowledge the execution of a deed for registration as a *femme sole*. *Roberts* v. *Wilcoxson*, 36 Ark. 355. She cannot, however, make an executory contract to convey land which will bind her or her heirs. *Felkner* v. *Tighe*, 39 Ark. 357 ; *Crisman* v. *Partee*, 38 Ark. 31.

By section 4625 of Mansfield's Digest, it is provided that " a married woman may bargain, sell, assign and transfer her separate personal property, and carry on any trade or business, and perform any labor or services on her sole and separate account ; and the earnings of any married woman from her trade, business, labor or services, shall be her sole and separate property, and may be used and invested by her in her own name ; and she may alone sue or be sued in the courts of this State, on account of the said property, business or services."

Under similar statutes, it has been held, by some courts, that a married woman could not become the partner of any one in business. In *Abbott* v. *Jackson*, 43 Ark. 212, Judge Eakin said : " It is well settled, too, that a married woman under such statutes as that of

April 28, 1873, can form a partnership as a sole trader with a third person other than her husband." But it has not been heretofore determined expressly in this State that a married woman can or that she cannot enter into partnership with her husband.

In *Countz* v. *Markling*, 30 Ark. 17, it was held that a judgment by confession rendered against the husband in favor of the wife is void, and will be quashed on certiorari. This was on the ground of the legal unity of husband and wife and the inability of the wife to sue the husband at common law. In *Pillow* v. *Wade*, 31 Ark. 678, it is held that husband and wife are incapable of contracting with each other.

Under a statute similar to ours, it is held, in *Haas* v. *Shaw*, 91 Ind. 384, that a wife cannot form a partnership with her husband. See also *Lord* v. *Parker*, 3 Allen, 127 ; *Plumer* v. *Lord*, 5 Allen, 460 ; *Speier* v. *Opfer*, 73 Mich. 35 ; Harris, Contracts of Mar. Women, sec. 618 ; *Mayer* v. *Soyster*, 30 Md. 402 ; *Carey* v. *Burrus*, 20 W. Va. 571 ; *De Graum* v. *Jones*, 23 Fla. 83.*

In view of the legal unity and identity of husband and wife· at common law, and the wife's incapacity to sue the husband at law, and the rulings of our court upon the incapacity of the wife to contract with her husband, we are of the opinion that the wife, under our statute, cannot form a partnership with her husband. As the credit in this case was given to the firm of which she could not be a member, and as she is sued as surviving partner of that firm, there can be no recovery against her in this action.

The judgment is affirmed.

HEMINGWAY, J. I am constrained to record my dissent from the decision in this case, and from much that is said in the opinion by way of argument. I am of

*See the principal case annotated in 16 L. R. A, 526 ; also *Seattle Board of Trade* v. *Hayden*, 16 L. R. A. 530. (Rep.)

opinion that, under the Constitution and laws of Arkansas, a married woman is, as to her separate personal property, clothed with all the powers of a single woman; that she may make contracts in reference to it with her husband or with others, binding upon her in law, just as though she were single; that she may be sued upon said contracts in a court of law, where the action is otherwise properly cognizable in law; and that since it is settled that she may engage in business as a partner with others than her husband, it follows, from exactly the same reasons, that she may embark her property or services in a partnership with him.

My reasons, in brief, are that whatever law can be appealed to as authorizing her to form a partnership with any person is without limitation or restrictions as to the person with whom she may form it; and that as it confers a power without restriction in that respect, it can be held to exclude the husband only by a system of judicial construction which seems to me to be legislation— and that toward restraining the power vested under an act which is highly remedial and expressly calls for a liberal construction.    Mansf. Dig. sec. 4639.

At the common law, a married woman had no power to make a valid contract with her husband or with anybody else.    Her disability was general, and whatever power she now has must be found in the statutes.    They authorize her to bargain, sell, assign or transfer her separate personal property, and carry on any trade or business and perform any labor or services on her sole and separate account.    This has been held as authorizing her to make contracts and enter into partnerships; and how it can be said that the right is given to be exercised as to one person and is not as to any other, I do not comprehend.    By its terms it extends as much to dealings with one person as with another; and if it exists at all, it exists generally as to all persons, unless the courts

limit a power which came from the legislature unlimited. If I were attempting to restrict the operation of the act and limit the exercise of the power to any person or class of persons according to principles of public policy, I should have to consider whether it would not be better to include the husband and exclude others, than to permit a partnership with all others and forbid it as to him. But as I view the act, it contains no restrictions, and I have no right to engraft any to meet my ideas of policy.

In the case of *Suau* v. *Caffe*, 122 N. Y. 308, a very clear and convincing discussion of the question may be found; and in the case of *Toof* v. *Brewer*, 3 So. Rep. 571, the question is exhaustively and ably considered. That case depended upon the laws of Arkansas, and the Supreme Court of Mississippi, upon a review of our decisions and statutes and the general current of authorities, held that a woman could become a business partner of her husband in Arkansas.

There are decisions that hold otherwise; but they rest upon the legal unity of husband and wife—a condition that has had no existence, except in law reports, since legislation gave to married women the right to acquire, own and dispose of their property, and to take and enjoy the income from it free from any interference or control by their husbands. As such decisions are based upon a condition that has been deliberately abrogated by statute, I think the courts should be controlled by the new law and not by the old condition.

I believe the two decisions cited state the law, and sustain the positions taken, with unassailable reasoning, and I beg leave to refer to them for a fuller treatment of the subject.

I am authorized to state that Judge Battle concurs in this opinion.