In re SUCKLE.

(District Court, E. D. Arkansas, W. D. February 12, 1910.)

BANKRUPTCY (§ 314*)—CLAIMS OF WIFE—EMPLOYMENT BY HUSBAND—WAGES.
Kirby's Dig. Ark. § 5213, securing to a married woman her real and personal property and the proceeds of her labor, performed on her sole and separate account, free from interference or control of her husband, or from his debts, should be strictly construed, on the ground of public policy, and did not authorize a married woman to recover for services rendered to her husband as clerk in his store, under a contract of employment, against his estate in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 314.*] .

In the matter of the bankruptcy of Jacob Suckle. On petition to review the claim of Dora Suckle for wages. Order of referee denying claim affirmed.

The petitioner presented a claim for $680 against the estate of the bankrupt for alleged services as clerk. The claim was disallowed by the referee and on a petition for a review brought before this court. The facts established by the evidence are that she is the wife of the bankrupt; that they have a family of four children of tender age; that when the bankrupt went into business 16 months ago he entered into a contract with her whereby she was to be employed as clerk in the store and receive as compensation $10 per week; that she performed the services as clerk for 68 weeks, until the proceedings in bankruptcy were begun, but that nothing had ever been paid to her for her services; that the household duties were performed by a cook, and the children were taken care of by a nurse; that the bankrupt, her husband, paid all the household expenses, including the wages of the servants, and the wearing apparel and other expenses of the claimant.

Wiley & Clayton, for claimant.
Charles Jacobson, for trustee.

TRIEBER, District Judge (after stating the facts as above). It is conceded by counsel for the claimant that at common law a wife could not recover for such services from her husband; but it is claimed that the married woman's act of this state permits such contracts, and therefore entitles her to recover. The statute relied on was enacted on April 28, 1873 (Acts 1873, c. 126), is digested in Kirby's Digest as section 5213, and is as follows:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"The property, both real and personal, which any married woman now owns, or has had conveyed to her by any person in good faith and without prejudice to existing creditors, or which she may have acquired as her sole and separate property; that which comes to her by gift, bequest, descent, grant or conveyance from any person; that which she has acquired by her trade, business, labor or services carried on or performed on her sole or separate account; that which a married woman in this state holds or owns at the time of her marriage, and the rents, issues and proceeds of all such property shall, notwithstanding her marriage, be and remain her sole and separate property, and may be used, collected and invested by her, in her own name. and shall not be subject to the interference or control of her husband or liable for his debts, except such debts as may have been contracted for the support of herself or her children by her as his agent."

The act has never been construed by the Supreme Court as to this particular question; but it is the settled rule of that court that the entire act must be strictly construed, upon the ground of public policy. Thus it has been held, since the enactment of this act, that the common-law rule that husband and wife are seised of the entirety in land conveyed to them jointly still prevails. Kline v. Ragland, 47 Ark. 111, 14 S. W. 474; Roulston v. Hall, 66 Ark. 305, 50 S. W. 690, 74 Am. St. Rep. 97. Nor can a husband and wife form a mercantile partnership, although a married woman may form such a partnership with any person other than her husband. Gilkerson-Sloss Com. Co. v. Salinger, 56 Ark. 294, 19 S. W. 747, 16 L. R. A. 526, 35 Am. St. Rep. 105. A promissory note of a married woman, not for the benefit of her estate, is void at law as well as in equity. Conner v. Abbott, 35 Ark. 365. She cannot convey lands by power of attorney. Holland v. Moon, 39 Ark. 120; Batte v. McCaa, 44 Ark. 398. Nor make an executory contract to convey lands. Felkner v. Tighe, 39 Ark. 357. Nor is the common-law liability for the wife's antenuptial debts abrogated by this act. Kies v. Young, 64 Ark. 381, 42 S. W. 669, 62 Am. St. Rep. 198. In view of these constructions placed upon the statute by the highest court of the state, it is but reasonable to presume that, should this question come before it, it would declare such a contract void, as against public policy, and not within the meaning of the act.

The act is a literal copy of that of the state of New York, before the amendment of 1890, and that court has uniformly held that such a contract between husband and wife is void as against creditors, and also against public policy. Whitaker v. Whitaker, 52 N. Y. 368, 11 Am. Rep. 711; Coleman v. Burr, 93 N. Y. 17, 45 Am, Rep. 160; In the Matter of Callister, 153 N. Y. 302, 47 N. E. 268, 60 Am. St. Rep. 620. The decisions of other courts are not harmonious on the subject; but it is unnecessary to cite them, in view of the fact that the identical question based upon a similar statute has been determined by the Circuit Court of Appeals for this Circuit, and it was there held that such a contract is void. Brittain v. Crowther, 54 Fed. 295, 4 C. C. A. 341. Judge Caldwell, who delivered the opinion of the court, said:

"While the cases may not be entirely harmonious upon the question of the husband's right under these modern statutes to the earnings of his wife for labor performed by her for third persons, the authorities are uniform that such statutes do not operate to give the wife a legal claim upon her husband or his estate for wages for performing her domestic duties as a wife, or for aiding and assisting him by her labor in any business pursuit he may be en-

gaged in, and any promise of the husband to pay his wife for such services is without consideration and void as against the claims of his creditors, and property transferred to the wife by the husband to pay for such services long after they were rendered, and after he has become insolvent or is largely in debt, may be seized and appropriated to the payment of the husband's debts."

In Re Kaufmann (D. C.) 104 Fed. 768, it was held that under the statutes of New York, as amended by the act of 1896, which permits a married woman to make contracts in respect to her separate estate with any person, including her husband, does not permit a contract for her personal services to the husband. The court there said:

"If so, it would enable her to acquire property by contract with him respecting her domestic services. There is a wide distinction between the power to acquire property by contract with the husband and a power to create property which shall be her own, by an agreement that she shall be paid for services that the law intends that she shall render gratuitously, if at all. In other words, a contract with the husband for the acquisition of property does not include a contract to convert her personal services to her husband into property."

A similar conclusion was reached in Re Trombly, 16 Am. Bankr. Rep. 599, by the United States District Court of Vermont.

The claimant is not entitled to any compensation for her services, leaving out the question of the suspicious circumstances connected with the claim.