## Lawler *v*. Lawler.

### Opinion delivered February 17, 1913.

1. CONFLICT OF LAWS—CONTRACTS.—The nature, validity and interpretation of contracts are to be governed by the law of the place where they are made; but. the remedies are governed by the law of the forum. (Page 73.)

2. HUSBAND AND WIFE—LOAN TO HUSBAND FROM SEPARATE ESTATE.—In Arkansas, a wife can not sue her husband at law to enforce a contract made by her with him, but she may bring her action in equity, where a promise by the husband to repay her a loan *bona fide* made by her to him out of her separate estate will be enforced. (Page 73.)

3. HUSBAND AND WIFE—LOAN TO HUSBAND.—Where a wife in Missouri loaned money to her husband, taking his note therefor, and under the laws of Missouri a husband and wife may contract with each other, and sue and be sued by each other, if the wife wishes to bring suit in Arkansas against her husband on the note, under the laws of Arkansas, her remedy is in equity. (Page 73.)

4. ACTION—PRACTICE AS TO TRANSFER TO EQUITY.—When a complaint at law states a good cause of action in equity, and defendant demurs to the complaint, the law court should not sustain the demurrer and dismiss the complaint, but should consider the demurrer as a motion to transfer to equity, and should transfer the cause. (Page 74.)

Appeal from Jackson Circuit Court; *R. E. Jeffery,* Judge; reversed.

*Ira Mack,* for appellant.

Contract between husband and wife in Missouri is valid. § § 4335-4340 Digest of 1899; 176 Mo. 107; 75 S. W. 404; 92 S. W. 637; 127 S. W. 118; 68 S. W. 758.

The law of the place of making will determine whether a contract has been validly entered into. Minor on Conflict of Laws, § 72, p. 144; 124 N. W. 1042; 43 S. W. 687; Story on Conflict of Laws, § § 66, 102.

A married woman may alone sue or be sued in the courts of this State on account of her separate personal property. Kirby's Digest, 5214, 6017. As to her separate property she may sue her husband at law or in equity. 22 N. W. 35.

The rule of *stare decisis* should not obtain here. 10 Ark. 289; 47 Ark. 359. A single decision is not necessarily binding as a principle of law. 11 Cyc. 745 and a decision by a divided court is not obligatory as a precedent. 11 Cyc. 746; 117 N. W. 572.

If the circuit court had no jurisdiction, then it should have transferred to the chancery court and not have dismissed the complaint. Kirby's Digest, § 5991; 85 Ark. 208; 52 Ark. 415; 37 Ark. 186.

*Campbell & Suits,* for appellee:

A wife can not enter into a contract with her husband and then sue him on such contract in a court of law

in Arkansas. 30 Ark. 17. The husband and wife are incapable of contracting with each other. 31 Ark. 678; can not form a partnership, 56 Ark. 294.

The law of the forum governs and regulates as to who shall be parties to a suit. 22 A. & E. Enc. Law (2 ed.), 1383-4; 21 Cyc. 1514; 124 Mo. 178.

Court committed no error in not transferring case to chancery, as it was not requested to do so, and appellant can not now complain of its failure to do so.

HART, J. Pearl Lawler brought this suit in the circuit court against John Lawler. The complaint, with formal parts omitted, is as follows:

"That she is now and was on all hereinafter mentioned dates the wife of the defendant.

"That in the city of St. Louis, State of Missouri, on the 14th day of September, 1908, the defendant executed and delivered to the plaintiff his certain promissory note of that date, in the sum of $1,900, due and payable one year after date, with interest at the rate of eight per cent per annum. Said note is in words and figures as follows:

'St. Louis, Mo., September 14, 1908.

One year after date I promise to pay to Pearl Lawler nineteen hundred dollars ($1,900) with eight (8) per cent interest from date. Value received.

(Signed)   John Lawler.'

"And the same is made a part of this complaint, the original being held subject to the orders of the court herein.

"That said note was given for money loaned to defendant by plaintiff; that said money so loaned was out of and was a part of the separate property of plaintiff and said note is now the sole and separate property of plaintiff and so held and owned by her. That the same is long past due and wholly unpaid and defendant fails and refuses to pay same.

"Wherefore, plaintiff prays judgment against the defendant on said note for the sum of nineteen hundred dollars, the face amount of same, and for all interest due thereon, for costs and all proper relief."

The defendant filed a demurrer to the complaint. The court sustained the demurrer and dismissed the complaint. Plaintiff has appealed.

The Supreme Court of Missouri has decided that the statutes of that State bearing on the rights of married women are broad enough to permit her to contract with her husband. *Oday* v. *Meadows,* 92 S. W. 637; *Montgomery* v. *Montgomery,* 127 S. W. 118. In the latter case the court said:

"It seems now to be the settled law of this State that a man and his wife may contract with each other, sue and be sued by each other, the same as other parties."

It is well settled in this State that the nature, validity and interpretation of contracts are to be governed by the law of the place where they are made; but the remedies, by the law of the forum. *Crebbin* v. *Deloney,* 70 Ark. 493; *Sawyer* v. *Dixon,* 66 Ark. 77; *Tenny* v. *Porter,* 61 Ark. 329; *Prior* v. *Wright,* 14 Ark. 189.

It has been held in this State that a wife can not sue her husband at law to enforce a contract made by her with him. *Countz* v. *Markling,* 30 Ark. 17. See also *Pillow* v. *Wade,* 31 Ark. 678; *Gilkerson-Sloss Commission Co.* v. *Salinger,* 56 Ark. 294.

The question whether a loan by the wife to the husband of money which is her separate property upon his promise to repay creates an equity in her favor which a court of equity will enforce has been decided in the affirmative in this State. In discussing the question in the case of *Pillow* v. *Sentelle,* 49 Ark. 430, Mr. Justice BATTLE, speaking for the court, said:

"A question arises as to the validity of the notes of Pillow to his wife. Are they valid? At common law contracts between husband and wife are void. But in equity a promise by the husband to his wife to repay her a loan *bona fide* made by her to him out of her own separate estate, upon his promise to repay, is obligatory, and can be enforced." (Citing many authorities.)

It follows that the plaintiff brought her suit at law when it should have been in equity. In the case of *Moss*

v. *Adams*, 32 Ark. 562, the court held that a mistake as
to the kind of action is no ground for sustaining a de-
murrer to the complaint and dismissing it. The court
should have considered the defendant's demurrer as a
motion to transfer to equity and we so treat it. The
circuit court erred in dismissing the complaint. The
action should have been transferred to the chancery
court. *Newman* v. *Mountain Park Land Co.*, 85 Ark.
208; *Rowe* v. *Allison*, 87 Ark. 206.

The judgment will be reversed and the cause re-
manded with directions to the court to transfer the action
to the chancery court.