## SHANE *v.* DICKSON.

### Opinion delivered February 16, 1914.

1. CONFLICT FO LAWS—CONTRACTS—REMEDY—LAW OF FORUM.—Although a husband and wife entered into a contract in a State where they may contract with each other, the wife can not institute an action at law thereon, in this State. The remedy is governed by law of the forum. (Page 356.)

2. TRIAL—RULE AS TO TRANSFER TO EQUITY.—When an action ·is properly cognizable in equity, it is not error to proceed to trial in the circuit court, when there was no motion made to transfer to equity. (Page 356.)

3. APPEAL AND ERROR—RULE WHEN NO BILL OF EXCEPTIONS IS FILED.—Where there is no bill of exceptions, the court will accept the facts as stated in the judgment entry, the only question being whether the judgment is consistent with the facts stated. (Page 356.)

4. ADMINISTRATION—CONTEST OVER PROPERTY—JURISDICTION OF PROBATE COURT.—The probate court has no jurisiction of contests between an executor or administrator and third parties over property rights or the collection of debts due the estate. (Page 357.)

5. PROBATE COURTS—ESTATES—JURISDICTION.—The jurisdiction of the probate court over the estates of deceased persons is confined to

the administration of assets which come under its control, and, incidentally, to compel discovery of assets. (Page 357.)

6.  ADMINISTRATION—EXECUTOR—DUTY TO COLLECT AND DISTRIBUTE AS-SETS—RIGHTS OF LEGATEE TO SET OFF DEBT DUE ESTATE.—It is the duty of an executor to collect all the assets of an estate. The distribution of the assets is a duty which follows the collection thereof and until the assets are collected neither heirs nor lega-tees have the right to interfere. (Page 357.)

7.  ADMINISTRATION—RIGHT OF LEGATEE TO PLEAD SET-OFF IN ACTION BY EXECUTOR.—Where a suit is brought by a personal representative against a legatee he can not plead as a set-off the amount of his legacy. (Page 358.)

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; affirmed.

*Geo. N. Elliott,* for appellant.

1.  The issues made by the pleadings involved mat-ters of purely probate jurisdiction, and the circuit court should have sent the case to the probate court as having exclusive, original jurisdiction of the subject-matter. 90 Ark. 198; Const. Ark., art. 7, § 34; 81 Ark. 457; 48 Ark. 544; 49 Ark. 51; 51 Ark. 361; 67 Ark. 242; 99 Ark. 339; 98 Ark. 69; 97 Ark. 465; 90 Ark. 451; Kirby's Dig., § 1340; Woerner's Am. Law of Administration, § § 155, 156; 49 Cyc. 1842; 95 Minn. 455; 5 Am. & Eng. Ann. Cases, 471.

2.  The character of the $400 legacy bequeathed to appellant by one clause of the will and the rights and duty of the executor with reference thereto, was a ques-tion of probate jurisdiction; and if consent of the exec-utor to appellant's right to retain this specific legacy was necessary, appellant should have the right to show to the probate court that such consent was given when he and the executor agreed on the balance of $310, due the estate from appellant, that the latter should retain the $400, etc. 14 Ark. 158; 17 Ark. 113; 62 Ala. 205-206; 37 Mich. 176; 101 N. Y. 311; 18 Am. & Eng. Enc. of L. (2 ed.), 717; 11 *Id.* (2 ed.), 1162; 40 Cyc., § § 1874, 1998, notes 44 and 47.

*McGill & Lindsey,* for appellee.

1.   The title and right of possession of the personal property of a decedent is, with certain statutory exceptions, vested in the executor or administrator to the exclusion of creditors, legatees and others interested in the estate.   Schouler, Exec. & Adm., § 238, *et seq.; Id.,* § 242; 14 Ark. 148; 78 Am. St. 179-182; 1 Woerner, American Law of Administration, § 15.

The probate court has no jurisdiction of contests between an administrator or executor and others over property rights, but is confined in its jurisdiction to the administration of the assets which come under its control. The personal representative merely takes the place of the deceased and must resort to the same courts and is entitled to the same remedies.   15 Ark. 381; 18 Ark. 449; 16 Ark. 478; 83 Ark. 416; 78 Am. St. 179-181; Schouler, Exec. & Adm., § 269, *et seq.;* 11 Am. & Eng. Enc. of L. (2 ed.), 992-996; 1 Woerner, Am. Law of Administration, § 151.

2.   Legacies are subject to the payment of debts. They can not be recovered from the executor or retained by the legatees until the debts are paid unless the excutor gives his assent thereto.   11 Am. & Eng. Enc. of L. (2 ed.), 1160; *Id.* § 1162; Schouler, Exec. & Adm., § § 476-488; Paige on Wills, § § 597, 598.

McCULLOCH, C. J.   The plaintiff, O. Dickson, as executor of the last will and testament of Lou Shane, deceased, instituted this action in the circuit court of Benton County against W. R. Shane, the husband of plaintiff's testator, to recover the sum of $1,200 alleged to be due for money borrowed by defendant from said decedent and evidenced by an acknowledgment in writing duly signed by the defendant.

A copy of said writing is exhibited with the complaint, and was produced at the trial, showing that the same was executed in the State of Missouri.

The contracting parties were husband and wife at that time, but according to the laws of the State where the contract was executed, they had the legal right to

contract with each other, and the obligation was a valid one, and enforceable in this State. *Lawler* v. *Lawler,* 107 Ark. 70, 153 S. W. 1113.

The remedy, however, is controlled by the laws of this State. The wife, if living, could not have instituted an action at law in this State, but her remedy was in equity. *Lawler* v. *Lawler, supra,* and cases cited. There was no motion made in this case to transfer the cause to equity, therefore, it is too late to assign error in proceeding to a trial in the circuit court.

The case was tried before the court sitting as a jury, and specific findings of fact made by the court are set out in the judgment. After stating the account between the parties in detail the court determined that there was a balance of $853.69 due by defendant on said obligation, and rendered judgment in plaintiff's favor for that sum, and defendant has appealed.

In his answer, the defendant admitted that he received from his wife, plaintiff's testator, the sum of $1,-200, and executed the written instrument referred to in the complaint; but he alleges, in substance, that he had made payments upon said debt; that his wife had made a will by the terms of which he was to receive the sum of $400 out of her estate, and that he had a settlement with the executor whereby the balance due was fixed at the sum of $310, which sum he tendered with his answer.

There is no bill of exceptions in the case, and, therefore, we must accept the facts as stated by the court in the judgment entry, the only question being whether the judgment is consistent with the facts there stated. *Russell* v. *May,* 77 Ark. 89.

The contention of the defendant, that he had made payments on the debt, is settled adversely to his claim by the findings of the court except as to the credit which the court allowed him.

The principal contention of the defendant on this appeal is that the probate court having "exclusive original jurisdiction in matters relative to the probate of wills, the estates of deceased persons, executors, administrators,"

etc., the circuit court was without jurisdiction to determine this case, which involved the adjustment of an account between the plaintiff and the defendant.

This contention involves a misconception as to the nature of this action. It is not a matter "relative to the probate of wills, the estate of deceased persons, executors, administrators," etc., but is a suit by the executor to recover a debt due the estate. The probate court has no jurisdiction of contests between an executor or administrator and third parties over property rights or the collection of debts due the estate. Its jurisdiction is confined to the administration of assets which come under its control, and, incidentally, to compel discovery of assets. *Moss* v. *Sandefur,* 15 Ark. 381; *Fancher* v. *Kenner,* 110 Ark. 117, 161 S. W. 166.

The suit was therefore properly brought in the circuit court.

The other contention is that the court should have allowed defendant to set off the sum of $400 left to him in the will of said decedent.

The provision of the will as set forth in the court's findings of fact is that the testator bequeathed the sum of $400 to her husband, W. R. Shane, "as long as he lives and at his death to be paid to my two children, Laura England and Homer Spence, share and share alike."

This legacy could not be made the subject-matter of a set-off or counterclaim against defendant's debt to the estate, as that would interfere with the course of administration and might result in giving defendant an undue preference. It is the duty of an executor or administrator to collect all the assets of the estate, and he has the potential right to maintain an action for that purpose. The distribution of the assets is another duty which follows the collection thereof, and until the assets are collected neither heirs nor legatees have the right to interfere. The rule is stated in the Cyclopedia of Law and Procedure (vol. 18, page 898), as follows:

"Where suit is brought by a personal representative against a legatee he can not in general plead as a

set-off the amount of his legacy, at least where it is not shown that the estate is solvent, and is in a condition to be distributed, and some decisions seem to deny the right of set-off altogether on the ground that it would interfere with the regular course of distribution, and enable defendant to obtain his share of the estate before the others would obtain theirs."

This court is committed to the doctrine, that such set-off is not allowed, on the grounds last mentioned in the citation above.

That principle is recognized in the case of *Bizzell* v. *Stone,* 12 Ark. 378, and in *Bishop* v. *Dillard,* 49 Ark. 285, where it was held that a debt contracted by an intestate could not be set off against one contracted by his administrator in favor of the estate, and that it was not within the power of the administrator to bind the assets in his hands by an agreement that the debt contracted by the intestate might be set off against one contracted by the administrator of the estate, the reason being stated that it would interfere with the course of administration and defeat or postpone the payment of other distributees.

The same principle is recognized in the case of *Payne* v. *Flournoy,* 29 Ark. 500.

The judgment of the circuit court is consistent with the facts recited in the record, and the judgment is therefore affirmed.