Benson, Appellee, *v.* Harmon et al., Appellants.

(No. 32999—Decided March 28, 1974.)

*Mr. Albert Pottinger,* for appellee.
*Mr. Frank C. Lyons* and *Mr. Elliott Ray Kelley,* for appellant.

Jackson, J. Hattie Benson opened a savings account with The Cleveland Trust Company on July 8, 1974. On January 15, 1965, the name of Willa Mae Benson, Hattie Benson's niece, was added to this account. The account was

thereafter designated a joint and survivorship account, whereby either of the aforementioned parties might withdraw funds, the balance at the death of either to be paid to the survivor.

Willa Mae Benson, presently known as Willa Mae Harmon, did not at any time contribute funds to this account.

On March 4, 1969, Hattie Benson was declared incompetent, and Elliott Ray Kelley, attorney at law, was appointed her guardian.

Willa Mae Harmon withdrew $6,000 from the savings account on March 17, 1969; and closed the account by withdrawing the remaining $8,745.14 on February 5, 1970.

Hattie Benson died testate on January 29, 1971, leaving one-half of her estate to her brother, the appellee, George Crawford Benson, and the remaining one-half to her niece, the appellant, Willa Mae Harmon.

On June 26, 1972, George Crawford Benson filed a complaint for declaratory judgment in the Probate Court of Cuyahoga County, requesting a ruling that the $14,745.-14 withdrawn from the joint savings account by Willa Mae Harmon be included as an asset in the estate of Hattie Benson.

The cause was heard on April 23, 1973, and the referee entered his report and opinion on June 27, 1973. This referee's report concluded that Willa Mae Harmon was liable to the estate of Hattie Benson in the amount of $14,-745.14, the sum withdrawn from the savings account.

Willa Mae Harmon objected to the referee's report in accordance with Civil Rule 53(E)(2). A hearing was held on those objections before the Honorable Francis J. Talty. Judge Talty overruled the objections and adopted the findings of fact and conclusions of law of the referee. Willa Mae Harmon appeals. Although the appellant ostensibly assigns seven errors, these seven assignments of error are not separately argued in the appellant's brief. The single issue presented by the appellant's brief is whether, under the particular facts of this case, the Probate Court properly concluded that Willa Mae Harmon is liable to the estate of Hattie Benson for the amount of $14,745.14.

We affirm the *result* reached by the Probate Court. However, the reasoning set out in the referee's report and opinion and adopted by the court below is rejected insofar as it conflicts with a recent opinion by Judge Alvin I. Krenzler, *Eger* v. *Eger* (1974), 39 Ohio App. 2d 14.

The parties do not dispute that the savings account in question was characterized as a joint and survivorship account in the names of Willa Mae Harmon and Hattie Benson, either may draw, balance payable to survivor.

The fact that a bank account is carried in the names of two persons jointly, with the right of survivorship, only raises a rebuttable presumption that the co-owners of the account share equally in the funds on deposit. Where a controversy arises after the death of one of the parties as to the ownership of such accounts, evidence is admissible to show the true situation, and where the realities of ownership are not in accord with the form of the contract the asset does not go to the survivors but into the estate of the decedent. *Fecteau* v. *Cleveland Trust Co.* (1960), 171 Ohio St. 121; *Union Properties* v. *Cleveland Trust Co.* (1949), 152 Ohio St. 430; *Eger* v. *Eger, supra.*

Conflicting evidence as to whether Hattie Benson truly intended to create a joint and survivorship account was adduced at the hearing below. After hearing this conflicting testimony, the Probate Court concluded that Hattie Benson, by placing her funds in a joint account, intended that Willa Mae Harmon would only acquire a right to the funds on Hattie Benson's death, and ". . . only a right to withdraw any of the funds while Hattie Benson was alive, should Hattie Benson agree." (Referee's Report, at 3) Having made this finding of fact as to Hattie Benson's intention, the Probate Court should have reached the legal conclusion that a joint and survivorship account was never created. A joint and survivorship account is not created by a person who does not intend to create present, equal, joint vested interests in the account. *In re Duiguid* (1970), 24 Ohio St. 2d 137, 140; *Eger* v. *Eger, supra.*

Instead of simply concluding that a joint and survivorship account was not created, the referee, in his opinion

adopted by the court below, analyzed joint and survivorship accounts as follows:

"The joint and survivorship account in Ohio is based upon a contract and this contract is a continuing one, entirely dependent upon the whims of the creator of the account and subject to divestiture of the rights of the second party at any time. The only time the second party to a joint and survivorship account contract can convert the funds to his own use without the consent of the creator of the account is after the creator's death. Therefore, in the instant case Willa Mae Harmon had no authority to withdraw the funds from this account for her own purpose prior to the death of Hattie Benson." (Referee's Opinion, at 3)

The referee then reached the conclusion that "Willa Mae Harmon had a vested right of survivorship, but not a right to withdraw for her own benefit during the lifetime of Hattie Benson." (Referee's Opinion, at 3)

The referee's analysis and conclusion quoted above must be rejected in light of the holdings of *Eger* v. *Eger, supra.* The sixth paragraph of the syllabus of the *Eger* case states:

"When a joint and survivorship account is the subject of a court challenge, and the evidence shows it was not intended to create a present, equal, joint vested interest in the party claiming ownership, a true joint and survivorship account was not created. Under these circumstances a survivor cannot take the proceeds of the account upon the death of the other party because the survivorship provision of a joint and survivorship account does not stand alone."

Thus, the opinion of the Probate Court, insofar as it holds that Willa Mae Harmon had a right to survivorship, but not a right to withdraw, cannot stand.

"The form of the contract is for a joint and survivorship account, not a joint and/*or* survivorship account. If, in fact, a joint and survivorship account was created the proceeds cannot be transferred to the survivorship because the asset was that of the decedent on his death and belongs in his probate estate." *Eger, supra*, at 22.

In rejecting that part of the Probate Court's opinion which is based upon the premise that the survivorship account can stand alone, we note that the Probate Court was guided by *In re Webb* (1969), 18 Ohio App. 2d 287.

The referee's opinion, adopted by the court below, quotes the fifth paragraph of the syllabus of *In re Webb, supra,* which states:

"5. Where a codepositor in a joint account has a vested right of survivorship, but does not have true ownership in the account during the lifetime of the other codepositor, his conversion of the funds into an account solely in his own name during the other codepositor's lifetime destroys his right of survivorship and makes him liable to the true owner for the amount converted."

This holding of *In re Webb* is in direct conflict with two principles of the law of joint and survivorship accounts enunciated in *Eger* v. *Eger, supra.* The first principle is that a joint and survivorship bank account is an inter vivos contract creating a present, equal, joint vested interest in the parties named therein, whereby either party may withdraw the funds at any time. The second principle is that when a joint and survivorship account is the subject of a court challenge, and the evidence shows it was *not* intended to create a present, equal, joint vested interest in the party claiming ownership, the Probate Court must conclude that a joint and survivorship account was not created. The Probate Court may not conclude that a pure survivorship account, without withdrawal rights during the lifetime of the codepositor, was created because the survivorship provision of a joint and survivorship account does not stand alone.

The *Webb* case has been replaced by *Eger* v. *Eger, supra,* as the most recent, thorough analysis of the law of joint and survivorship accounts.

*Judgment affirmed.*

Silbert, C. J. and Corrigan, J., concur.