GEORGE HERBIN v. NETTIE FARRISH

No. 7918SC1177

(Filed 3 June 1980)

**Banks and Banking § 4– joint account – no right of survivorship**

In an action by plaintiff to recover, as joint legatee, funds withdrawn by defendant, another legatee, from a bank account which named testatrix and defendant as joint depositors, the trial court properly entered summary judgment for plaintiff since Ohio law controlled; Ohio cases hold that for there to be a right of survivorship in a joint account, there must be an intention to give the survivor rights fully as great as those of the deceased in the account during the lifetime of the deceased as well as the intent to give the survivor the balance of the account upon the death of the deceased; and by defendant's own testimony, she had to secure permission of the testatrix to withdraw money from the account during testatrix' lifetime, and there was therefore no intent to confer upon defendant a present, vested interest during the life of deceased.

APPEAL by defendant from *Seay, Judge.* Judgment entered 6 November 1979 in Superior Court, GUILFORD County. Heard in the Court of Appeals 20 May 1980.

The plaintiff and defendant, along with Mozelle Moore, are legatees under the will of Maggie Hairston, who died a resident of the State of Ohio. Plaintiff and the testatrix were siblings. Defendant was Hairston's cousin. The will bequeathed to the named legatees,

All the rest of my property ... which includes my savings account ... at the ... Ohio National Bank ... which I may own or have the right to dispose of at the time of my death.

Prior to the death of Maggie Hairston and subsequent to the death of her husband, the name of the defendant, Nettie Farrish, was added to the depositor card at the bank. Defendant, however, never put any money into the account. Defendant testified that while Maggie Hairston was alive she would have had to have Mrs. Hairston's permission to withdraw any funds and that she never went to the bank until after Mrs. Hairston died. Defendant went to the bank on the advice of her attorney after Mrs. Hairston's death and withdrew the deposit,

a portion of which was spent on the funeral expenses of Mrs. Hairston. Defendant further testified that her cousin did not want the plaintiff to have any of the proceeds because he drank excessively. Plaintiff sued the defendant to recover one-third of the amount withdrawn by her from the account. Defendant answered, alleging that she was the owner of the account after Mrs. Hairston's death. Plaintiff's motion for summary judgment was allowed, and defendant appealed.

*Smith, Patterson, Follin, Curtis, James & Harkavy, by Norman B. Smith, for plaintiff appellee.*

*Dow M. Spaulding for defendant appellant.*

HILL, Judge.

The trial court correctly granted plaintiff's motion for summary judgment. Since the bank account was in Ohio at the time of the death of the testatrix-depositor, the case is governed by the law of that state. *Ellison v. Hunsinger*, 237 N.C. 619, 75 S.E. 2d 884 (1953); 3 Strong's N.C. Index 3d, Courts, Sec. 21.10. Likewise, the law of the state of the situs determines rights of claimants under a will. *Johnson v. Salsbury*, 232 N.C. 432, 61 S.E. 2d 327 (1950); 3 Strong's N.C. Index 3d, Courts, Sec. 21.12.

A joint and survivorship account is created between the co-signators by contract and through that contract the creation gives to the other co-signator a present joint interest in the account equal to his own interest. *Webb v. Webb*, Gdn., 13 Ohio Misc. 1, 231 N.E. 2d 177 (1967). Such an account raises a presumption that the co-owners of the account share equally in the ownership of the funds on deposit. However, the presumption may be rebutted by competent evidence. *Vetter v. Hampton*, 54 Ohio St. 2d 227, 375 N.E. 2d 804 (1978).

A careful reading of the record leads us to conclude that the decedent did not intend that the defendant share equally in the ownership of the bank deposit at the time the name of the defendant was added. We believe the following facts to be controlling:

Herbin v. Farrish

    (a) The money in the account was money deposited by Mrs. Hairston alone. The defendant had only one transaction involving the account — the act of withdrawal of funds after the death of Maggie Hairston.

    (b) The defendant acknowledged that during the life of Maggie Hairston she would have to secure permission of Maggie Hairston to withdraw any funds.

Ohio cases hold that for there to be right of survivorship in a joint account, there must be an intention to give the survivor rights fully as great as those of the deceased in the account (1) during the lifetime of the deceased, (2) as well as the intent to give the survivor the balance of the account upon the death of the deceased. *Eger v. Eger*, 39 Ohio App. 2d 14, 314 N.E. 2d 394 (1974); *Benson v. Harmon*, 39 Ohio App. 2d 92, 315 N.E. 2d 821 (1974).

We are aware of the defendant's testimony that "she [Maggie Hairston] did not want her brother [plaintiff] to have it because he is a heavy drinker, and he would throw her money away." Nevertheless, the testatrix did not change her will to eliminate plaintiff or restrict his right to inherit thereunder. We conclude that Maggie Hairston must have been referring to all of the deposit when she made this statement. In any event, the statement is of no consequence. The defendant survivor admits there was no intent to confer upon her a present, vested interest during the life of the deceased. There is no question of fact to be determined. *Vetter, supra.*

The entry of the summary judgment is

Affirmed.

Judges MARTIN (Robert M.) and ARNOLD concur.