Isa HAMMONS *v.* The PRUDENTIAL INSURANCE
COMPANY OF AMERICA

CA 85-317 717 S.W.2d 819

Court of Appeals of Arkansas
Division I
Opinion delivered October 22, 1986

*Gean, Gean & Gean,* by: *Lawrence W. Fitting,* for appellant.

*Bethell, Callaway, Robertson & Beasley*, by: *John R. Beasley*, for appellee.

JAMES R. COOPER, Judge. The appellant, widow of John Hammons, brings this appeal from summary judgment granted the appellee in the Sebastian County Circuit Court. The appellant claims that the trial court erred in determining that Oklahoma law controlled in this case and in granting summary judgment based on that finding. We think the trial judge was correct and therefore we affirm.

The facts are not in material dispute. John Hammons, a long-time employee of Griffin Grocery Company and resident of Fort Smith, Arkansas, died on an Oklahoma interstate highway in January of 1984 of a heart attack, after the truck he was driving for his employer jackknifed on icy roads during frigid weather. Hammons had suffered a heart attack about a year previously, but returned to work after a recuperating period. The appellant claims the stress of the accident and sudden exposure to cold weather caused the heart attack. The appellee claims the heart attack was a result of a pre-existing bodily infirmity, and Oklahoma law bars recovery. The appellee paid life insurance benefits to the appellant as a result of the death but refused to pay an additional amount pursuant to the accidental death provisions of the policy. This suit followed.

It is undisputed that Griffin Grocery Company, an Oklahoma corporation, contracted with the appellee in Tulsa, Oklahoma, for the undisputed insurance policy. It is also undisputed that all premiums were paid by Griffin Grocery Company and that the only dealings between the appellee and the appellant's decedent involved annual mailings from the appellee to the decedent certifying the terms of the insurance policy. The parties agree that, under Arkansas law, the appellee would not be entitled to summary judgment. The appellant claims that, even under Oklahoma law, summary judgment would not be appropriate.

Under Oklahoma law, the insurance contract alone is the measure of liability. *Minyen* v. *American Home Insurance Company*, 443 F.2d 788 (10th Cir. 1971). Here, the policy provided that all the following conditions must be met in order to entitle the employee to the accidental death benefit: (1) the

employee sustained an accidental injury while a covered individual; (2) the injury, directly and independently of all other causes, resulted in the loss; (3) the loss occurred within ninety days after the injury was sustained. Therefore, under Oklahoma law, no coverage is provided if Hammons' death was caused at least in part from a bodily infirmity. *See Minyen, supra.*

 "It is well settled in this State that the nature, validity and interpretation of contracts are to be governed by the law of the place where they are made. . . ." *Lawler* v. *Lawler,* 107 Ark. 70, 73, 153 S.W. 1113, 1114 (1913); *see also* R. Leflar, *American Conflicts Law,* Sec. 153 (3d Ed. 1977). It is clear from the record that the insurance contract in issue was made in Oklahoma and that all significant events in connection with it occurred in that state. Accordingly, the conclusion of the trial judge that the law of Oklahoma governed was not against the clear preponderance of evidence and is affirmed.

 Summary judgment is an extreme remedy and should only be granted when it is clear that there is no question of fact in issue. *Johnson* v. *Stuckey & Speer, Inc.,* 11 Ark. App. 33, 665 S.W.2d 904 (1984). Based upon the supporting documents attached to the affidavits of the parties in this case, it is clear that there is no question but that the unfortunate death was caused at least in part from bodily infirmity or the concurrence of his heart condition with an accidental injury, if there were any such injury. Since Oklahoma law absolutely bars recovery in cases such as this, the trial judge was correct in granting summary judgment.

Affirmed.

CLONINGER and MAYFIELD, JJ., agree.