Carolyn S. WHITE *v.* Dorothy White TONEY,
Administratrix of the Estate of Carl Leham White, Jr.

CA 91-61                                       823 S.W.2d 921

Court of Appeals of Arkansas
Division II
Opinion delivered January 22, 1992

*Robert D. Avery*, for appellant.

*Bridewell & Bridewell*, by: *Laurie A. Bridewell*, for appellee.

JUDITH ROGERS, Judge. This is an appeal from an order of the probate court overruling appellant, Carolyn S. White's, objection to an inventory and accounting submitted by appellee, Dorothy White Toney, the administratrix of the estate of their father, Carl Lehman White, Jr. In overruling the objection, the probate judge ruled that funds represented by two certificates of deposit, which were in existence at the time of the decedent's death, were not distributable through the decedent's estate, but rather were the separate property of appellee and her daughter, Leah Toney. On appeal, appellant advances two arguments questioning the jurisdiction of the probate court, and a third issue in which she contends that the probate court's decision was in error. We find no merit in the issues raised, and affirm.

Carl Lehman White, Jr., a resident of Eudora, Arkansas, died intestate on November 11, 1987, and was survived by his three daughters, Dorothy White Toney, the appellee, Carolyn S. White, the appellant, and Judy White Richmond, who is not a party to this litigation. The dispute in this appeal is centered upon two certificates of deposit, totaling $186,500, which were purchased from a Louisiana financial institution. One of the certificates was issued to "Carl White, Jr. or Dottie Toney (Payable to Survivor)," while the other was issued to "Carl White, Jr. or Leah Toney (Payable to Survivor)."

By order of November 25, 1987, appellee was appointed as the administratrix of the estate, and on February 16, 1988, she submitted an inventory and first accounting to the probate court for approval. Appellant objected to the inventory and accounting on the basis that the certificates of deposit were not included as assets of the estate. At the hearing on this matter, which was held after several continuances, it was disclosed that appellee and her daughter, Leah, had withdrawn the proceeds of the certificates from the Louisiana institution and had placed them in a bank in Georgia, where the two resided. The probate court was also informed that appellant had filed a lawsuit seeking the recovery of the funds against appellee in Louisiana. On December 30, 1988, the probate judge issued an order in which he declined to

determine the issue of whether the certificates of deposit were to be included in the inventory of the estate, stating that he was leaving the issue of ownership to be determined by the court in Louisiana. He thus ruled that the estate would remain open indefinitely, pending the outcome of that litigation. Appellee then filed a motion to set aside this order, or in the alternative, for a new trial. This motion was denied on February 9, 1989, by the probate court, which was then presided over by a newly elected judge.

Appellee then brought an appeal, but this court, sitting *en banc*, dismissed the appeal on a holding that the judge's decision declining to reach the merits of the issues presented did not constitute a final, appealable order in that it did not dismiss the parties from the court, discharge them from the action, or conclude their rights in the subject matter which was in controversy. *Toney* v. *White*, 31 Ark. App. 34, 787 S.W.2d 246 (1990). Thereafter, on April 30, 1990, appellee filed a motion before the probate court, asking it to reconsider the decisions of December 30, 1988, and February 9, 1989, and requesting its approval of the inventory and first accounting. By order of July 24, 1990, the probate court granted appellee's motion and approved the inventory, based on a determination that, by application of Arkansas law, the certificates of deposit were not property of the estate. It is from this order that this appeal arises.

As her first issue, appellant contends that the probate court had no authority and was without jurisdiction to vacate the earlier orders and thereby render a decision as to the ownership of the certificates of deposit. She bases this argument upon Ark. R. Civ. P. 60, which sets forth grounds for modifying and setting aside orders both within and beyond a ninety day period, and argues that none of the grounds mentioned in the rule were applicable to this case.

However, notwithstanding the provisions of Ark. R. Civ. P. 60, Arkansas Code Annotated § 28-1-115(a) (1987) provides in part that, for good cause, and at any time within the period allowed for appeal after the final termination of the estate of a decedent or ward, the probate court may vacate or modify an order or grant a rehearing. We have recognized that this statute allows a probate court to vacate or modify its orders at any time before the time for appeal has elapsed after the final termination

of the estate. *Carpenter* v. *Horace Mann Life Ins. Co.*, 21 Ark. App. 112, 730 S.W.2d 502 (1987). The supreme court in *Price* v. *Price*, 258 Ark. 363, 527 S.W.2d 322 (1975), observed that this statute was designed to afford a probate court greater flexibility with regard to the finality of its orders in the process of administration of an estate. Consequently, we find no error in the probate court's taking action on appellee's motion for reconsideration.

Secondly, appellant argues that the probate court lacked jurisdiction to determine the ownership of the certificates of deposit because the lawsuit in Louisiana was still pending. She contends that this matter must first be determined by the court in Louisiana, leaving the probate court here only to determine how the proceeds are to be distributed in accordance with Arkansas law on intestate succession. We disagree.

The probate court, in the exercise of its jurisdiction to administer the estates of decedents, is authorized to determine what property belongs to the estate. *Carlson* v. *Carlson*, 224 Ark. 284, 273 S.W.2d 542 (1954). The pendency of the Louisiana action on the same subject was no impediment to the exercise of the probate court's jurisdiction, since identical cases in different states can be pending in each court at the same time. *Carter* v. *Owens-Illinois, Inc.*, 261 Ark. 728, 551 S.W.2d 209 (1977). In such a situation, the parties are bound by the judgment of the forum which first disposes of the case by trial. *Id.* The record indicates that the litigation in Louisiana had not advanced beyond the pleading stages; therefore, we find no merit in appellant's argument that the probate court lacked jurisdiction on this basis.

Appellant's third argument is the primary issue in this appeal, and involves a conflicts of law question. In deciding that the certificates of deposit were not assets of the estate, the probate judge applied Arkansas law and ruled that appellee and her daughter owned the certificates of deposit by right of survivorship. Appellant asserts that the probate court erred in determining that Arkansas law governed the resolution of this issue.

The parties are in agreement that should Arkansas law apply, the probate court's decision awarding the certificates to appellee and her daughter was correct. *See* Ark. Code Ann. § 23-

32-1005(1)(A) (1987). The certificates of deposit, however, would remain the property of the decedent under the substantive law of Louisiana, as a deposit of funds in a joint account there does not effect a transfer of ownership, absent a showing of a "donation." *Succession of Miller*, 405 So. 2d 812 (La. 1981); *Dawson* v. *Capital Bank & Trust Co. of Baton Rouge*, 261 So. 2d 727 (La. Ct. App. 1972).

■■ It is generally understood that title to and rights in a joint bank account are governed by the law of the place where the deposit has been made and the account is kept. *See* 10 AmJur.2d *Banks* § 376 (1963); 9 C.J.S. *Banks and Banking* § 994 (1938); *see e.g. Herbin* v. *Farrish*, 266 S.E.2d 698 (N.C. Ct. App. 1980); *Tyler* v. *Suburban Trust Co.*, 247 Md. 461, 231 A.2d 678 (1967); *Hendricks* v. *Lundy*, 356 P.2d 566 (Okla. 1960); *Seng* v. *Corns*, 58 So. 2d 686 (Fla. 1952); *Sloan* v. *Jones*, 241 S.W.2d 506 (Tenn. 1951); *In re Kugel's Estate*, 78 N.Y.S.2d 851 (1948); *Kelly* v. *Kelly*, 134 N.J.Eq. 316, 35 A.2d 618 (1944); *Wynne* v. *Wynne*, 33 A.2d 173 (R.I. 1943); *Barstow* v. *Tetlow*, 97 A. 829 (Me. 1916). In so deciding, the Tennessee court in *Sloan v. Jones, supra*, reasoned that the creation of a bank account was in the nature of a contract, and thus applied the "familiar rule" that the construction and validity of a contract are governed by the law of the place where the contract is made. This "familiar rule" referred to by the court is also a settled component of the jurisprudence of this state. *See Lawler* v. *Lawler*, 107 Ark. 70, 153 S.W. 1113 (1913); *Hammons* v. *The Prudential Ins. Co. of America*, 19 Ark. App. 112, 717 S.W.2d 819 (1986).

Based on these authorities, we agree with appellant that reference must first be made to the law of Louisiana. In looking to Louisiana conflicts of law on this subject, however, we find that if this case were tried in Louisiana, a Louisiana court would apply the law of Arkansas, as the domicile of the deceased, in determining the ownership of the certificates of deposit. *Succession of Villere*, 411 So. 2d 484 (La. Ct. App. 1982). Given this circumstance, we are unable to conclude that the probate court erred in applying Arkansas law to determine this issue.

We are not unmindful of the supreme court's recent decision in *Morris* v. *Cullipher*, 306 Ark. 646, 816 S.W.2d 194 (1991). In *Morris*, the court applied Arkansas law, as the law of the domicile

of the deceased, as opposed to the law of the place where the contract was made, in determining the ownership of certificates of deposit purchased from a Texas bank. However, the court's application of the law of the domicile was based on the consideration that marital property was involved, which is not the situation in the case at bar. In any event, the same result would have been reached were we to have applied the decision in *Morris* v. *Cullipher*.

After careful consideration of the points raised on appeal, we affirm the probate judge's decision in all respects.

Affirmed.

CRACRAFT, C.J., and JENNINGS, J., agree.